## FIRST NAT. BANK OF ADA v. PHARES.

No. 9088—Opinion Filed July 23, 1918.

(174 Pac. 519.)

**1. Usury—Contracts—Expenses for Making Loan.**

A borrower by contract, either expressed or implied, may agree to pay certain expenses necessary for the preparation of papers and documents, examination of title and inspection of property in order to procure a loan, and a reasonable charge therefor will not make the contract usurious; but, in the absence of an agreement or an understanding to that effect, a borrower cannot be held to pay such expenses, and. if he is compelled to do so, the contract is thereby rendered usurious.

**2. Same.**

Evidence in this case examined, and the same fails to disclose any contract, agreement, understanding, or knowledge upon the part of the borrower to pay for the extra services charged, and in the absence thereof the contract was usurious.

(Syllabus by Hooker, C.)

Error from District Court, Pontotoc County; J. W. Bolen. Judge.

Action by W. R. Phares against the First National Bank of Ada, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

Robt. Wimbish and W. C. Duncan, for plaintiff in error.

B. C. and A. W. Wadlington, for defendant in error.

Opinion by HOOKER, C. This suit was instituted in October, 1915, in the lower court by Phares against the bank to recover the penalty prescribed by section 5198, Rev. Statutes of United States (U. S. Comp. St. 1916, § 9759), and in the petition filed in this cause it is alleged that on the 27th day of November, 1912, the bank entered into a corrupt agreement with Phares, whereby the said bank received and charged a greater sum for the loan of money than 10 per cent. per annum, in that, on said date said bank loaned to him $400 as evidenced by his promissory note of that date whereby on the 15th day of October, 1913, he agreed to obligate himself to pay to said bank the sum of $448 with interest from maturity, with the further proviso therein that if the principal and interest were not paid when due same shall bear interest at the rate of 10 per cent· per annum, and which note he did pay in the month of November, 1913, and as a result of this transaction said bank did charge and receive usury, that is, interest in excess of 10 per cent. and by reason thereof became liable to him for the sum of $96, being the penalty provided for by the statute above quoted.

The answer of the bank consisted of a general denial, and, answering further. the bank claimed that whatever amount there was in said note in excess of the amount loaned and 10 per cent. per annum interest thereon, was for charges for preparing said note and mortgage, filing the same, and for inspecting the personal property mortgaged to the bank to secure the payment of said note, and that said charges and expenses reasonably amounted to the sum of $10.

Upon the trial of this cause the bank sought to establish by evidence what a reasonable charge for the services of preparing the mortgage, paying for filing the same, and sending a man to inspect the property, would be. The court sustained an objection thereto for the reason that the evidence failed to show that the borrower, the defendant in error here, had ever agreed or promised to pay for the same.

At the conclusion of all of the evidence, the plaintiff in error requested the court to instruct the jury as follows:

"You are instructed that the defendant would have the right to charge reasonable fees for preparing and filing chattel mortgage and reasonable fees for inspecting stock and other property given to secure payment of notes, and you further find that the charges made for use of said money included not only interest, but also said expenses, and that when said reasonable expenses were deducted from said charges that then the interest charged was less than the legal rate. then you will find for the defendant.

"You are instructed that if you believe from the evidence that it was contemplated when said notes and chattel mortgage given to secure same were executed, it was contemplated that the defendant should charge, and the plaintiff should pay, reasonable fees for preparing and filing said chattel mortgage and reasonable expenses for inspecting the stock, then the said charges so made and expenses so incurred should not be considered as an interest charged, and if the charges made the plaintiff after deducting such reasonable expenses for the use of said money was the legal rate less than the legal rate, then said transaction would not be usurious, and you will find for the defendant"

—which the court refused to do, and thereupon, upon motion of the plaintiff below, the court instructed the jury to return a verdict in favor of the plaintiff below in the sum of $96, which the jury did.

The bank has appealed here, and it is urged that this cause should be reversed for the reason that the pleadings and evidence presented a question of fact which should have been submitted to the jury, and numerous authorities are cited by the plaintiff in error therein.

Th defendant in error contends, however that the action of the court was proper in refusing to submit this question to the jury, for the reason that the evidence failed to show that the defendant in error had ever agreed to pay anything for said services, or that the matter had even been mentioned to him, or that he had any reason to believe that a charge of that character would be made, and that the charge was but a subterfuge by means of which the bank sought in this action to charge and collect more than the legal rate of interest allowed by law.

An examination of the evidence fails to disclose any knowledge upon the part of the borrower that this expense was to be expected of him, nor does it appear that he at any time or place ever agreed to pay for the same, or to contract therefor.

The object of usury statutes is to protect those whom necessity compels to borrow against the outrageous demands oftentimes made and required by those who have money to loan, and that view of the law should be

adopted which will accomplish the purposes sought by the enactment of the law.

There are a multitude of cases from the various states of the Union holding that a charge of expenses for the examination of the title to property, the preparation of the mortgage, etc., in addition to the legal rate of interest, where the same has been agreed to by the borrower, does not render the contract usurious. There are a few cases to the contrary. But, from a consideration of the holdings of the various courts upon this question, we are (f the opinion that unless the borrower by contract, either expressed or implied, agrees to pay the expense, he cannot be compelled to do so, and that, if the same is charged to him and he is compelled to pay it, the contract is thereby rendered usurious.

In Beadle v. Munson, 30 Conn. 175, it is held:

"A charge beyond the legal rate of interest for the trouble of discounting a note or procuring money for a loan is not usurious, if it be a reasonable compensation for services rendered or the expenses incurred which the borrower requested in connection with the loan."

In Atl. M. & R. Co. v. Gwyer, 48 Ga. 9, it is held:

"Where a party is solicited to make a loan, and to procure the means of so doing must spend time and incur trouble and expense in collecting the same from others, and does this at the request of the borrower, and on his agreement to pay for such services and expenses, the transaction is not usurious."

In Kihlholz v. Wolf, 103 Ill. 363, it is held:

"That a lender took money for commission and expenses which he paid to other persons at the borrower's request does not make the transaction usurious; the lender deriving no benefit from such payments."

And in Jackson v. May, 28 Ill. App. 305, it is held:

"Where a note includes a charge for the expense and trouble to which the lender was put in obtaining money to make the loan, the transaction is usurious."

In Thurston v. Cornell, 38 N. Y. 281, it is held:

"A lender of money may lawfully receive from the borrower a reasonable compensation in excess of 7 per cent. interest for services and expenses in procuring the money to be loaned, provided the services were performed and the expenses were incurred at the expense of the borrower, and on his express promise to pay therefor."

In Sidway v. Harris, 66 Ark. 387, 50 S. W. 1002, it is held:

"Where an applicant for a loan agrees to bear the expenses of effecting it, the deduction for the lender, from the amount of the loan, of the amount paid by him to an attorney for examining the title of the security, does not render the loan usurious."

In Liskey v. Snyder, 56 W. Va. 610, 59 S. E. 515, it is held:

"Reasonable expenses in making a loan, such as inspection of the land and examination of the title, incurred at the expense of the borrower and on his promise to pay, will not render the debt usurious."

It is true that, in an action to recover a penalty for usury paid, the burden is on the plaintiff to show: First, that the usurious interest was charged; and, second, that it was knowingly taken and received.

This court in the case of Deming Inv. Co. v. Grigsby, 65 Okla. 88, 163 Pac. 530, has said that the question of intent in a usury case is a question of fact that should be submitted to the jury unless it clearly appears from the face of the instrument itself that usury has been charged. And in Union Trust Co. v. Radford, 176 Mich. 50, 141 N. W. 1091, it is said:

"While the question of intent is to be considered in determining whether or not a contract is usurious, it will not govern where the contract is unambiguous and its legal meaning clear, for the parties must be deemed to have intended the result expressed."

And in 39 Cyc. 920, it is said:
"The law presumes the necessary unlawful intent from the mere fact of intentionally doing what is forbidden by the statute. It is not necessary that parties shall know that in so doing they are violating the law. Innocent ignorance is just as fatal to their contract as conscious wrongdoing."

And on page 918 thereof it is said:

"In deciding whether any given transaction is usurious or not, the courts will disregard the form which it may take, and look only to the substance of the transaction in order to determine whether all the requisites of usury are present. * * * If all these requisites are found to be present, the transaction will be condemned as usurious, whatever form it may assume and despite any disguise it may wear."

In the instant case, the lender charged $48 for the use of $400 for less time than one year—a sum greater than the legal rate of interest authorized by law. The disguise

attempted to be used in order to shield this transaction from usury, we have said hereinbefore, cannot be permitted.

Viewing this record as we do, we are of the opinion that the trial court correctly instructed the jury to return a verdict in this case for the defendant in error, and the judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.