## BANK OF PICHER v. HARRIS.

No. 13460—Opinion Filed Sept. 16, 1924.

### 1. Pledges—Assignment of Evidence of Indebtedness — Allowances of Expenses of Collection by Pledgee.

If a debtor assigns evidence of indebtedness as a pledge to his creditor to secure further the payment of certain indebtedness owing to the creditor, the creditor in the absence of fraud or wrongdoing will be entitled to the allowance of necessary expenses and reasonable costs and attorneys' fee arising in the course of an action to subject the property to the purposes of the pledge.

### 2. Same—Collection by Action — Right of Pledgee to Compromise.

If the debtor refuses to commence suit to recover on the pledged collateral, if it be his duty to do so, the creditor is authorized to commence an action thereon. If in the course of the litigation the debtor files an answer therein, or pursues such a course as may jeopardize the right to recover thereon, the creditor may settle and compromise the action and in the absence of fraud or wrongdoing the debtor will be bound by the settlement.

### 3. Same — Consideration for Assignment—Effect.

The original consideration for the pledged collateral will not support the alleged assignment of the same by the debtor in settlement of the original obligation. The assignment does not carry with it any rights or values therein, in addition to those existing by and through the original pledge of the property. There is no consideration for the creditor to assume the burden and costs of the liquidation of the collateral, which in the first instance was the expense of the debtor.

### 4. Same—Usury—Attorney's Fees — Judgment.

Record examined; held, to be insufficient to support judgment on the alleged assignment of the pledge in settlement of the debt. Record held to be sufficient to support judgment on the issue of usury and for attorney's fee in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Ottawa County; A. C. Brewster, Judge.

Action by the Bank of Picher against I. Harris for debt, and cross-action by the latter against the plaintiff. Judgment for defendant on cross-action. Plaintiff brings error. Affirmed in part and reversed in part.

J. G. Austin, for plaintiff in error.

Frank Nesbitt, for defendant in error.

Opinion by STEPHENSON, C. The defendant executed and delivered his promissory note to the plaintiff in the principal sum of $750, with interest at the rate of 10 per cent. per annum, and gave his mortgage on certain real estate improvements to secure the payment. As a part of the original transaction, the defendant caused an insurance policy to be issued on the improvements, with a loss payable clause in favor of the plaintiff, and pledged the policy with the plaintiff as additional security. The defendant made default in payment of the note and mortgage. Later the improvements were destroyed by fire and the defendant made sworn proof of loss and delivered same to the company. The insurance company refused to pay the loss according to the terms of the policy. The defendant refused to take any action for the collection of the policy for the plaintiff. The plaintiff commenced its action against the insurance company on the policy and joined the defendant. The defendant by his answer in the cause disclaimed any interest in the policy, and further set forth that, if the proof of loss purported to be sworn to by him, it was without his authority or direction. Among the several grounds upon which the company denied liability, was the further claim of the failure of the insured to make and furnish sworn proof of loss as required by the terms of the policy. The action of the defendant put in jeopardy the plaintiff's right to recover on the policy, and made recovery uncertain. The plaintiff settled and compromised the suit later for $600 by reason of the conduct of the defendant. The plaintiff incurred a necessary expense of $35 in the action on the policy. The plaintiff deducted the expenses and a charge of $150 as attorney's fees from the agreed judgment, and credited the balance of $415 on the note and interest, and commenced its action against the defendant for the balance due on the note. The defendant alleged that after the loss he assigned the insurance policy to the plaintiff in full settlement of the indebtedness. The defendant further alleged that if the assignment was insufficient, that the plaintiff was unauthorized to compromise and settle the suit for less than $750, and that he was entitled

to a set-off for this sum against the amount sought to be recovered on the note. As a further counterclaim, the defendant pleaded usury in the loan. In the trial of the cause the jury found that the defendant made an assignment of the policy to the plaintiff in settlement of the indebtedness, and returned a verdict in favor of the defendant on the issue of usury and for attorneys' fees. The court approved the verdict on usury for $20 and for $25 as attorneys' fee. Among the several errors assigned by the plaintiff for reversal are:

(1) That a certain part of the sum charged the defendant for the loan was for incidental expenses in the transaction; and

(2) That the alleged assignment peaded by the defendant was without consideration and not binding on the plaintiff.

The lender in making a loan may charge a reasonable sum for the preparation of necessary papers and for inspection of collateral by agreement with the debtor. If these charges are made by agreement, such items will not be considered in determining whether the lender has charged a usurious rate of interest. First Nat. Bank of Ada v. Phares, 70 Okla. 255, 174 Pac. 519. But the defendant disputed the plaintiff's claim that a portion of the sum charged was for expenses incidental to the loan. This made a question of fact to go to the jury, and there is ample testimony to support the verdict of the jury in this respect. The insurance policy was pledged to the plaintiff as a part of the original consideration for the loan, and so continued as a pledge until the loss of the property. As the defendant refused to collect the policy after the loss, the plaintiff was authorized to proceed with the collection of the claim and charge the debtor with the necessary and reasonable expenses, including an attorney's fee. Gregory v. Pike, 67 Fed. 837, 15 C. C. A. 33; Furness v. Union Nat. Bank, 147 Ill. 570, 35 N. E. 624; Hanover Nat. Bank v. Brown (Tenn.) 53 S W. 206; Ruberg v. Brown, 71 S. C. 287, 51 S. E. 96. By the alleged assignment on the part of the defendant, the plaintiff did not acquire any right in addition to those created by the pledge of the property. The plaintiff did not receive any consideration for incurring the burden of collecting the pledge at his cost and expense. The original consideration for the pledge will not support the assignment. There must be some new or additional consideration to support the alleged assignment of the pledged property in full settlement of the debt. State v. Sapulpa, 58 Okla. 550, 160 Pac. 489; Wright v. Tacoma, 87 Wash. 334, 151 Pac. 837; Jobes v. Wilson (Mo.) 124

S. W. 548; McDevitt v. Stokes, 174 Ky. 515, 192 S. W. 681, L. R. A. 1917-D, 1100; Abbott v. Doane, 163 Mass. 433, 34 L. R. A. 33. The plaintiff was entitled to an instructed verdict on the question of the assignment of the policy in satisfaction of the indebtedness. Ordinarily the creditor is not authorized to settle or compromise claims in connection with pledged collateral for less than its face value, and if he makes settlement for less than face value, he will be liable to the pledgor for the difference. Griggs v. Day (N. Y.) 18 L. R. A. 120; Moses v. Grainger, 106 Tenn 7, 53 L. R. A. 857: Mansur-Tebbetts Imp. Co. v. Carey, 1 Ind. Ter. 572, 45 S. W. 120. But if the sum which ought to be paid on the pledged collateral becomes disputed or denied, and the debtor fails and refuses to take steps for its collection, if it be his duty to do so, or to commence an action for recovery, the pledgee is authorized to take such steps for the protection of his rights. If the conduct of the debtor prior to and during the suit for recovery by the creditor has been such as to threaten plaintiff's right of recovery, and to make recovery uncertain, the pledgee may settle and compromise the litigation for less than the face value of the claim. Under such circumstances, the pledgee will not be liable to the debtor for the difference between the amount settled for and the face value of the claim. In order for the debtor to hold the creditor for the difference, he must be free from wrong in the discharge of such duties as rested upon him in aiding the creditor to collect the pledge, if it was his duty to do so. Exeter Bank v. Gordon, 8 N. H. 66; Nelson v. First Nat. Bank, 69 Fed. 798; Griggs v. Day (N. Y.) 32 N. E. 612; Hartford Fire Ins. Co. v. King (Tex.) 73 S. W. 71. The defendant fails upon a further and additional ground. He was a party defendant in the case against the insurance company, and had entered his appearance by answer. The court had jurisdiction of the defendant and the subject-matter, which gave the court jurisdiction to make final disposition of all questions. The court had jurisdiction to enter an agreed judgment in the cause between the plaintiff and the insurance company. The defendant was bound to take notice of the agreed judgment entered in the case, and unappealed from, is binding on the pledgor. The defendant cannot collaterally attack or question the agreed judgment as entered in this case. Hartford Fire Ins. Co. v. King, supra. This record does not entitle the defendant to a recovery for the difference between the amount for which the policy was compromised and the face value thereof. The plaintiff incurred a necessary expense of $35 in the collection of the policy. The facts in regard to the expense and litigation in connection with the policy are not disputed. The matter of allowing the expenses and determining the allowance for attorney's fee are questions for the court. We think on the record as disclosed, a charge of $100 as attorney's fee in the action on the policy would be reasonable. The plaintiff is entitled to an allowance of the necessary expense incurred in the sum of $35, with the sum of $100 as attorneys' fee.

It is recommended that the judgment for usury and attorney's fee in the total of $45 in favor of the defendant be affirmed, with six per cent. interest from the date of its rendition. In all other respects it is recommended that the judgment be reversed and remanded, with directions for the court to allow the plaintiff the expense of $135 in the recovery on the policy. The balance of the judgment should be credited on the note. The plaintiff should be allowed interest at ten per cent. on the $750 from December 27, 1919, to the date of the payment of the judgment on the policy. The plaintiff should then be allowed interest at the rate of ten per cent. per annum on the balance of the principal of the note after the remainder of the insurance judgment is credited thereon, until the rendition of the judgment. The court should render judgment in favor of the plaintiff and against the defendant for the two items of interest so calculated, and the remainder of the principal of the note after receiving the credit from the insurance company judgment; less the $45 with interest at the rate of six per cent. per annum from the date of its rendition.

By the Court: It is so ordered.