No. 12,042.

NIKKEL *v.* LINDHORST.

Decided March 11, 1929. Rehearing denied April 22, 1929.

Mr. RICHARD K. GANDY, Mr. B. C. HILLIARD, JR., for plaintiff in error.

Mr. Francis J. Knauss, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

Howard C. Louthan, a real estate broker, made a loan of money to Sam Nikkel, a lawyer. The principal of the loan was paid but not the accrued interest. The parties were friends and lived in the same community. Sometime thereafter Nikkel applied to Louthan for another loan of money. Louthan was not disposed to comply partly because Nikkel had neglected to pay him the interest due on the former loan. Nikkel renewed his application and vigorously pressed it. He told Louthan that he was in financial trouble and had to have the money; that he was overdrawn at the bank, and was behind three months with his rent on his home, and was about to lose his furniture. Considering the circumstances Louthan finally consented to make a loan to Nikkel and take the latter's promissory note for $80, to bear interest at 8 per cent per annum, which principal sum was made up of the $5 interest due on the former loan, and $75 cash advanced at the time. The parties were in the office of Nikkel at the time the arrangement was completed. Nikkel observed that he could not afford a stenographer, and said that if Louthan had a stenographer in his office, which he had, they might go from his office to that of Louthan, and he there would dictate to Louthan's stenographer what should be inserted in the blank form of the note and a bill of sale, which he proposed to give as a mortgage upon a lawyer's safe file or cabinet in his office as security for the advancement. The parties accordingly went to Louthan's office, where Nikkel made the dictation referred to and signed a promissory note in the principal sum of $80, and a bill of sale, and left

them with Louthan. The bill of sale, intended as a mortgage, contained a provision that the safe file or cabinet should not be withdrawn from Nikkel's office without the consent of Louthan. Nikkel having failed to pay the note at maturity, and having removed the safe file from his office without the consent of the mortgagee, Lindhorst, a debt collector, to whom Louthan had previously assigned the note and mortgage for convenience in collecting, brought this action in replevin to regain possession of the safe file. The action is to be determined as if the parties to the suit are Nikkel and Louthan. Nikkel and Lindhorst were present at the trial before the justice of the peace, but Louthan was absent. The judgment there was for the defendant and the plaintiff appealed to the county court, and at the trial there, where both parties were present and represented by counsel, the county court, without a jury, made findings for the plaintiff and gave judgment to the plaintiff for possession of the safe file or cabinet, or $45 in money, which was the balance, without interest, due on the loan, $35 having previously been paid. The defendant is here with his writ of error.

The defense to the note is usury. The note for $80 was payable 30 days after date with interest at the rate of 8 per cent per annum, payable semiannually from date until paid. The blank form was such as is in common use in this state by bankers. At the close of the printed form Nikkel inserted in typewriting the following words, which are immediately above his signature to the completed note: "If note is not paid at maturity then in that event it shall bear interest at the rate of 2 per cent per month."

Section 3797, C. L. 1921, included in our money lenders' act, provides that no person who is within the inhibition of the statute—and in *Rice v. Franklin Loan Co.,* 82 Colo. 163, 258 Pac. 223, we held this statute applied not merely to those engaged in the business of lending money but to all persons—shall charge, contract for or receive any in-

terest or consideration greater than 12 per cent per annum upon the loan, use or forbearance of money of the amount or value of $300 or less, and that no loan for which a greater rate of interest is charged than is thus allowed shall be enforced in this state. It thus appears that by this statute it is contrary to public policy in Colorado for any one to exact as interest on a loan of money for $300 or less, any amount greater than at the rate of 12 per cent per annum. This court already has had occasion to construe this statute in *Beneficial Loan Co. v. Ira,* 75 Colo. 379, 226 Pac. 136, and in other cases, and is not disposed to relax the doctrine there announced. In 39 Cyc. page 953, it is said: "When an excessive rate of interest is made payable only in case of default in payment of the principal, the higher rate is not for the use of money but imposed as a penalty for nonperformance of the contract. * * * Whether such penalty for the nonperformance of the contract is held enforceable or not, all authorities are agreed that the contract is not usurious, but remains a valid and enforceable obligation against the debtor," citing many authorities. At page 954, the author further says: "A contract made in good faith, that a loan, legal in its inception, shall after maturity until paid bear a rate of interest higher than permitted by the usury statutes, is not usurious." 27 R. C. L. p. 265, § 69. Assuming, but not deciding, that these declarations are not applicable to our statute, yet we refer to them, not because the decision of affirmance here is based upon them, but chiefly to show that this loan, as really made, was to bear interest at the legal rate of 8 per cent per annum, and that the language at the close of the note above quoted providing that if the note is not paid at maturity it shall bear the illegal rate of 2 per cent per month, was not known to be there by Louthan, payee, when he received it. In the argument of defendant's counsel here, they are silent about the interest which the note is to bear per annum.

338

The question for decision here, is whether the defendant is in a position to be heard with his defense of usury. The defendant is a lawyer. Louthan, according to the testimony, is unacquainted with the law, is not engaged in the business of lending money, and did not know of this statute or the provision it made against an excessive rate of interest. His ignorance of the statute, of course, does not excuse him. But it is entirely clear that he had no intention of lending money or getting a note bearing interest at the rate of 2 per cent a month or to exact of the maker anything more than 8 per cent per annum for the use of his money. He did not ask for an excessive rate of interest, did not know that Nikkel had inserted such a provision in the note immediately above his signature when it was tendered to him. He trusted the defendant as a friend and as a lawyer to draw up the note and the bill of sale, and supposed that he was drawing a legal instrument correctly evidencing their agreement, and not one which, as a lawyer, he knew was contrary to public policy, so far as concerns the interest after maturity of the note. The action, having been begun before a justice of the peace, there were no written pleadings. The evidence in this case is sufficient to justify the court in finding that the defendant Nikkel perpetrated a wilfull fraud upon his friend Louthan, who was lending him money to pay debts that were being pressed against him, and that Louthan had no intention to demand or receive illegal interest.

In *Bailey v. Lumpkin,* 1 Ga. 392, at page 409, the court in speaking to the point that the borrower's fraud contributed to the execution of a usurious promissory note, said that the borrower would be liable in the proper form of action. So here. If this is a usurious note, the maker Nikkel is responsible for it. He, himself, drafted it and inserted in the body of the note the language which made it nonenforceable. Without this provision at the bottom of the note, inserted by the defendant himself, the instrument is legal and enforceable. With no intention

on the part of the payee Louthan to exact usury of the maker Nikkel, he received the note supposing that it was legal as drawn by his friend, the lawyer. It was a palpable fraud on the part of Nikkel thus to obtain this money from his friend, and an excusable mistake of Louthan in receiving something he did not ask for and which he does not now seek to enforce. Lindhorst, representing Louthan and bringing suit for the latter's use and benefit, is not asking for or demanding interest. He merely seeks to get back the pledged collateral, or, if it cannot be produced, the amount of the note, without any interest at all. The trial court allowed him no interest, but only the principal sum which he lent to Nikkel, and that sum only if possession of the file case could not be obtained. It is too plain for argument, and the trial court must have found, that Nikkel knowingly and fraudulently inserted this illegal provision in the note, and that he did so for the purpose of enabling him thereafter to defeat a recovery upon it. Nikkel, therefore, is estopped by his fraudulent conduct to insist upon the defense of usury. It is fitting to say that counsel for Nikkel advised him to accept a proposition of plaintiff to pay a sum less than that sued for, but defendant refused to accept it.

The judgment of the trial court should be, and it is, affirmed.