## In re Nikkel.

July 1, 1929.

*En Banc.*

Mr. Sam Nikkel, an attorney of the court, was called before the bar and thus addressed by the Chief Justice:

Mr. Nikkel: You were the plaintiff in error in the case of *Nikkel v. Lindhorst,* 85 Colo. 334, 276 Pac. 678, decided by this court March 11, 1929. It there appears that you had borrowed money of a friend, secured the loan by mortgage, unlawfully disposed of the mortgaged property and defended a suit to recover on the ground that the note was invalid because usurious. All this although you had yourself written the objectionable clause into the note and your friend was only seeking the return of his principal. We there upheld the judgment against you on the ground that you had perpetrated willful fraud upon your friend and for that reason were estopped to assert your defense.

We were obliged to refer that transaction to a committee of lawyers, authorized by this court to act under such circumstances. It has found the truth of the facts stated in that opinion and so reported to this court with the recommendation that you be reprimanded for that conduct. Both finding and recommendation have been approved, and for that reprimand you are now called before the court.

Your conduct in this instance was intolerable. Whether you wrote the usurious clause in the note in question, intending to use it to defeat the obligation, or whether,

having written it for some other purpose, you merely sought thereafter to so use it, has little to do with the bad morals of the transaction. Friendship and confidence permitted you to act as attorney for one whose interests were adverse. You were thus bound to the utmost good faith and the exercise of extraordinary care. If you failed in the latter every consideration of professional integrity forbade you taking advantage of that failure. You are thus publicly reprimanded for a violation of that duty, solemnly warned against a repetition thereof, and advised that any such will be sufficient cause for your disbarment.

This judgment is thus limited only provided you compensate the defendant in error in the action referred to for his pecuniary loss, and give no further cause for such complaint against you.

Mr. Chief Justice Whitford concurs in this judgment, but is of the opinion that the facts justify a reference of the matter to the Attorney General with instructions to bring disbarment proceedings.