## LEEPER v. EADS et ux.

No. 25338.   April 16, 1935.

Rehearing Denied May 7, 1935.

R. Y. Nance and W. L. Chase, for plaintiff in error.

Harry Winsor and W. O. Scofield, for defendants in error.

PER CURIAM. This action was commenced in the district court of Adair county by John H. Leeper, plaintiff, against the defendants for $751.60, with interest at 9 per cent. from July 3, 1931, and attorney fees of $75.16, balance of principal and interest due on a note of $725, which was secured by real estate mortgage. The plaintiff alleges that on or about the 1st day of May, 1926, for a valuable consideration, the defendants made, executed and delivered to the plaintiff, John H. Leeper, their certain promissory note in writing in the principal sum of $725, with interest thereon from date at the rate of 9 per cent. per annum, payable annually; that at the same time and place, and as a part of the same transaction, the defendants executed a mortgage covering certain described real estate as and for security for said note. That on said note the following amounts were paid as interest and on the principal: 5-5-27 paid $65.25 interest; 7-3-28 paid $65.25 interest; 4-17-29 paid $65.25 interest; 7-30-29 paid $35; and 7-3-30 paid $75. That the defendants, Burt Eads and his wife, Callie Eads, filed their answer and cross-petition in which they admitted the execution of the note and mortgage. For further answer and by way of cross-petition, defendants allege that at the time the note and mortgage were executed, they were in-

debted to the plaintiff in the sum of $600, and that the note and mortgage were made for $725; that this amount of $125 so included was more than the legal rate of interest and was usurious. Further, the defendants allege because the interest on the face amount of the note was paid at the rate called for in the note, that in so doing they were paying more than 10 per cent. on the actual alleged amount of $600, and that because of this the entire amount of interest paid by the defendants in the sum of $305.75 exceeded 10 per cent. and was usurious. That because of said usurious charges the defendants were entitled to a set-off as against the plaintiff in twice the amount of $125 or $250, and in addition thereto, twice the amount of $305.75, or $611.50, making a total of $861.50.

Thereafter reply of plaintiff was filed in which he denied the allegations of usury contained in the answer and cross-petition of the defendants.

Upon the issues thus joined the cause was tried to a jury, resulting in a verdict for the defendants in the amount of $861 to be offset against the indebtedness of the plaintiff.

Motion for new trial having been filed and overruled and exceptions saved, plaintiff appeals to this court.

It appears from the testimony of the plaintiff that the defendants came soliciting his services to purchase the 60-acre tract of land known as the Lizzie Beaver's tract, and the defendants directed the plaintiff to furnish the money to purchase the same, to do all things necessary to negotiate the purchase, to obtain a clear title to said land and to prepare an abstract, and the defendants would pay him for his services and reimburse him for any money and expense advanced by him. To secure the plaintiff against loss of his expenses in attempting to negotiate said purchase, the defendants executed a note and mortgage to the plaintiff at the time the purchase was first discussed, and later this amount was increased by another note and mortgage. After the purchase had been made and completed and at the time of the execution of the note and mortgage involved herein, the first two notes and mortgages were released by plaintiff. The plaintiff was an abstracter in Stilwell, Okla. The owners of this tract of land were full-blood Cherokee Indians and heirs under disability. The plaintiff secured the partitioning of this 60 acres of land and a determination of heirship, made out and secured the proper forms to secure the approval of the sale from the Department of the Interior, secured several necessary affidavits to clear up the title, and finally completed the transaction and the land was deeded direct to the defendants. A short time thereafter the defendants came to the office of the plaintiff and at that time executed the note and mortgage involved herein. It further appears from the testimony that the plaintiff and defendants went over the schedule of expenses and charges for services and concluded that $125 was a reasonable amount therefor, and it was included in the note. There was some argument as to the rate of interest, the defendants contending for 8 per cent. and the plaintiff for 10 per cent., and they finally agreed on 9 per cent., and executed the note and mortgage. That for several years the interest was paid and one payment of $35 and one of $75 was paid on the principal; that after that time no contention was ever raised by the defendants until the matter of usury was presented in the answer and cross-petition.

It further appears from the testimony that the defendant Burt Eads understood that the Indian heirs, owners of said tract, were to pay the expenses of perfecting the title and the charges of the plaintiff out of the $600 purchase price, and that after the defendants had obtained the deed evidencing the completion of the transaction and while in the office of the plaintiff, the plaintiff and defendants discussed the fact that the expenses in the amount of $125 were being charged to the defendants, and after some little discussion between the defendants they executed this note and mortgage in the amount of $725, which included the $125 item for expenses, and further, the defendant Burt Eads testified that at the time he signed this note and mortgage in the amount of $725, he intended to pay it. There is no evidence introduced on behalf of the defendants that the charges were unreasonable; likewise, the defendants do not deny that the services alleged and expenses advanced were not made and performed by the plaintiff.

So, from the evidence it appears that the only controverted question is whether or not the sum of $125 incurred as expenses and for services rendered was to be paid by the borrowing defendants or deducted from the $600 purchase price when paid to the Indian owners of this tract. According to the testimony of the defendants, when the purchase in question was completed and they went to the office of the plaintiff to fix up the papers the question of this $125 expense

was discussed, and the defendants in executing said note and mortgage, with the knowledge that this |item was included, thereby agreed to pay said item of expense and are bound by the rule announced in the case of Bank of Picher v. Harris, 100 Okla. 256, 229 P. 137, as follows:

"The lender in making a loan may charge a reasonable sum for the preparation of necessary papers and for inspection of collateral by agreement with the debtor. If these charges are made by agreement such items will not be considered in determining whether the lender had charged a usurious rate of interest. First Natl. Bank of Ada v. Phares, 70 Okla. 255, 174 P. 519, 21 A. L. R. 793."

Again, this court has said in the case of Gault v. Thurmond, 39 Okla. 673, 136 P. 742:

"Fees paid by a lender for procuring an abstract of title to real estate, where offered as security for loan then under negotiation, together with recording fees so advanced, where incurred in good faith, and reasonable, are proper and legitimate charges, and may be included in the note given, without rendering it usurious, even though the total cost to the borrower exceed the lawful rate of interest."

This court, in the very recent case of Mitchell et al. v. Fisher et al., 168 Okla. 145, 32 P. (2d) 37, says:

"Court |will take judicial notice of universal custom that charges for recording mortgage, tax, and bringing abstract down are payable by borrower of money."

And again, in Martin et al. v. Oklahoma State Bank, 86 Okla. 113, 206 P. 824, this court has said:

"In determining whether a contract for payment of money is usurious, if it appears that the contract or transaction is susceptible of two constructions, one lawful and the other unlawful, the former will be adopted. This is on the theory that the parties to the contract have contracted within the law."

There is some testimony on behalf of the defendant Burt Eads that he thought he had to execute the note and mortgage in question in the amount of $725, but this contention is disposed of in the case of Brummett et al. v. McGowan, 165 Okla. 59, 24 P. (2d) 980, wherein it is said in the syllabus:

"Where maker of note, execution of which was obtained by duress, thereafter makes payments on note without duress, acts of payment constitute ratification of contract."

For the reasons assigned above, the defense of usury is not available to the defendants, and since the defendants admit the execution of the note and mortgage and did not deny the correctness of the balance due thereon, this case must be reversed, with directions to the trial court to set aside the judgment heretofore rendered and enter a judgment for the plaintiff for the amount sued for and the foreclosure of his mortgage.

There are several other assignments of error, but in view of the holding above, it will not be necessary to review them at this time.

The Supreme Court acknowledges the aid of Attorneys Richard A. Billups, George G. Barnes, and Oliver C. Black in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Billups and approved by Mr. Barnes and Mr. Black, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.