WOOD et al. v. HARRIS et al.

No. 33076. Feb. 8, 1949.

Rehearing Denied March 15, 1949.

*203 P. 2d 710.*

Gilliland, Ogden, Withington, Shirk & Vaught and John B. Ogden, all of Oklahoma City, for plaintiffs in error.

Rex H. Holden, of Oklahoma City, for defendants in error.

WELCH, J. V. V. Harris, president and manager of the corporation, and the payee named in the notes, had assigned the notes to the corporation and was made a party to the suit. For convenience V. V. Harris will hereinafter be referred to as plaintiff and Fox Wood and the deceased Elmer S. Wood will be referred to as defendants.

Defendants admitted execution of the notes, and for value. Further pleadings were filed asserting usury, and conversion of collateral by plaintiffs, and presenting claims of offset in full payment of the indebtedness, and more, and praying judgment over against the plaintiff and the corporation.

All the parties to the suit waived a trial by jury and agreed to trial by the court.

Fox Wood testified that at various times beginning in 1926 the defendants obtained loans of money from the plaintiff for the purpose of aiding in financing certain mineral transactions; that beginning about 1931 defendants obtained loans from the plaintiff from time to time and on such occasions gave their notes to plaintiff, and as a premium for the use of the money loaned and over and above the interest provided in the notes transferred to plaintiff certain fractional interests in certain described oil wells located in the State of Texas; that the unpaid balances on the notes were renewed into and became a part of one of the notes now sued upon; that plaintiff has received the sum of $2,900 on oil runs from these wells since 1931, and that the present value of the interests in the wells held by the plaintiff is $3,500. The witness further testified concerning a transaction whereby defendants executed a note for the loan of money with which to purchase a certain undivided royalty on mineral interests in lands in Logan county, Oklahoma. After this loan had been paid in part the balance of the indebtedness was renewed into and became a part of one of the notes sued on herein. A part of the royalty purchased was held in the name of V. W. Boyte, as trustee, to be held as security for the loan balance and with an arrangement that when any part of the interest was sold the proceeds would be applied on the loan balance, and if from such sales there was an excess over the balance of the purchase loan the plaintiff was to share in the net profit over the purchase price. The trustee conveyed the royalty to the plaintiff and the plaintiff executed a conveyance to the corporation. The royalty was stated to be of a certain value at the time of the transfer from plaintiff to the corporation. The witness testified that in addition to the interest reflected in the face of some of the notes executed by defendants, plaintiff exacted a bonus for such loans by way of assignment by defendants of certain described oil leases of a stated value. The leases describe tracts of land in Texas. The witness testified that he had directly paid in full one of the notes sued upon.

The plaintiff testified that none of the principal and interest shown in the notes sued upon had been paid; that the certain Texas oil leases were placed with him as security for loans; that the leases were for a term of one year and that they expired by their terms and became valueless before the loans or interest thereon was paid.

In reference to the Logan county mineral interest, plaintiff exhibited a written agreement signed by himself and the defendants to the effect that the royalty had been taken in the name of V. W. Boyte to be held for the parties, and that defendants were at liberty to sell off royalty to pay the note given plaintiff for the purchase money, and in the event there was a profit remaining in royalty or money after payment of the note, the same was to be divided between plaintiff and defendants. Plaintiff testified that after a part of the royalty had been sold and the balance of the note indebtedness renewed into one of the notes here involved, a further memorandum agreement was entered into concerning the royalty unsold as was testified to by the defendant Fox Wood; that Boyte, who was an employee in his office, transferred the royalty interest to him and he transferred the defendants' note and the royalty interest to the corporation to be held under the terms of the written agreements; that he has the

complete control and management of the corporation, and that neither he nor the corporation have at any time attempted to make a sale of any of the royalty held, nor stood in the way of the defendants making sale of the royalty, and that he now tenders, and will cause proper transfer of the Logan county royalty interest, to the defendants upon payment of their indebtedness.

Plaintiff testified that he received the interest in the Texas oil wells as gifts from the defendants; that at the time defendants assigned the interests in the wells to him, he had loaned them money and had otherwise accommodated them; that defendants at the time were engaged in drilling, financing and developing the Texas wells and were selling units or fractional interests in the wells, mostly in the east, and that they made out deeds and gave them to him conveying the interests he has since held without any suggestion, request or promise or consideration from him; that he at no time made any charge or exaction for the money loaned or for extension of time of payment of the loans except for interest as shown in the face of the notes.

Judgment was entered in favor of Harris Foundation, Inc., in the amount as provided in the notes. Fox Wood and Mary Boyd Wood, as executrix of the estate of Elmer S. Wood, deceased, appealed.

It is the contention of the appellants that the judgment is not supported by the evidence, but contrary to the evidence.

Attention is directed to testimony as to the amount of money plaintiff had received from oil runs, and the present value of the interest held by the plaintiff in the producing Texas oil wells, and to the effect that the total benefit to plaintiff is in excess of the principal amounts shown in the notes sued on. It is suggested that if the money received by plaintiff for oil runs during each year, beginning in 1931, was applied to defendants' indebtedness as interest charges in addition to the interest charges shown on the face of the notes outstanding at any given time since 1931, that such interest charges would be in excess of that allowed by law and usurious. It is asserted by appellants that "this property had to be either a gift, as Mr. Harris claims, or a consideration for the loan of money or as collateral to the loan." Appellants suggest the unusualness of a borrower transferring valuable property to a lender without any consideration or compensation, or giving valuable property to the lender.

The evidence is sharply conflicting in reference to all the transactions of the parties involving the transfer and holding of these mineral interests.

A gift is commonly defined as a voluntary transfer of property by one to another without consideration or compensation therefor. 38 C. J. S. p. 779.

As noted in Foreman v. Needles, 78 Okla. 105, 188 P. 1087, quoting from 39 Cyc. 971:

" . . . the mere fact that the lender accepts a gift from the borrower, while a suspicious circumstance, will not render the loan usurious, if such gift be really voluntary."

Under the testimony of the plaintiff, the Texas oil producing property was transferred to him as a gift and not as compensation for the loan of money, or as collateral to and security for a loan of money, but wholly without consideration or compensation therefor; the Logan county royalty has been held in trust and so remains and no profit therefrom was ever contemplated until the notes were first paid and no profit was ever made; the Texas leases were held as collateral until they expired by their terms and no benefits therefrom were received by the plaintiff; the notes were for value and unpaid. Under the issues herein, the burden rested on the appellants to show that the notes were paid, or, that plaintiff charged a greater premium for the

use of the money loaned than the law allows, or that plaintiff appropriated and used property of the defendants placed with him as collateral. The judgment rests upon findings for the plaintiff and against the appellants upon these issues of fact.

The testimony of the plaintiff supports such findings. There was competent evidence supporting the judgment. As was said in Mulkey v. Anglin, 166 Okla. 8, 25 P. 2d 778:

"In an action at law, tried to the court without a jury, the finding of the court will be given the same weight as the verdict of a jury; and where there is competent evidence reasonably supporting the judgment and no error of law is shown, the judgment will not be disturbed on appeal."

The judgment is affirmed.

ARNOLD, V.C.J., and CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.