Sidney M. MASSIE, individually, and Sidney M. Massie, as executive officer and trustee of Massie Development Company, Appellants,

v.

Rose RUBIN, Appellee.

No. 6054.

United States Court of Appeals Tenth Circuit.

Aug. 14, 1959.

John B. Ogden, Oklahoma City, Okl., for appellants.

John C. Moran, Oklahoma City, Okl., for appellee.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff, Rose Rubin, delivered $5,000 to the defendant, Sidney Massie, a practicing attorney in Oklahoma City, Oklahoma, who in turn, prepared, executed and delivered to Rose an instrument styled "Trust Certificate and Agreement". After reciting the receipt of the money, the instrument provided that the "Trustee" (The Massie Development Company, which was Massie's alter ego) would use the money to acquire, develop and sell building sites and that the trustee should have full power and management of the funds and the property acquired and sold during the term of the trust. The instrument further provided that the trust should terminate one year from its date, at which time the "trustee agrees to purchase from said beneficiary and the said beneficiary agrees to sell to the trustee, this trust certificate for the sum of $6,000.00." Quarterly payments of $250 designated as "Beneficiary profit" were to be made, presumably as installments on the gain from the required sale. This action was brought to recover the amount due according to the terms of the instrument.

The complaint alleged the execution of the instrument and the failure to comply with its terms beyond the payment of one of the $250 payments; that in making the investment plaintiff relied upon defendant as her attorney and advisor and that defendant represented the $5,000 would be used to acquire, develop and sell building sites and that the certificate would be redeemed after one year for $6,000. Defendant's answer admitted that when he received the $5,000 he was an attorney at law, but denied that he was ever employed to represent plaintiff in this or any other matter. Defendant alleged that the money was delivered to him as a loan for one year and that he was charged $1,000 interest in violation of the Oklahoma Usury Statute, thereby entitling him to an offset of $2,000 [1] and an allowance of a reasonable sum as attorney fees.

During the hearing on plaintiff's motion for summary judgment, the court questioned the attorneys about the facts and, without considering any evidence, overruled the motion and entered a $5,000 judgment for the plaintiff, having concluded from the instrument and from counsels' statements that the money was delivered to Massie in trust.

In Oklahoma, usury can arise only from a loan, which is defined by statute as a contract by which one delivers money to another who agrees to return an equivalent sum at a future date with or without interest. Cobb v. Baxter, Okl., 292 P.2d 389; General Motors Acceptance Corp. v. Mid-West Chevrolet Co., 10 Cir., 66 F.2d 1; 10 Cir., 74 F.2d 386; 15 O.S.A. § 261; 91 C.J.S. Usury

---

1. Title 15 O.S.A. § 267, provides in part:
   "The taking, receiving, reserving or charging a greater rate of interest than is provided by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. * * * provided further, that when any suit is brought upon any note, bill or other evidence of indebtedness * * * when a greater rate of interest has been collected, reserved, charged or received than is provided for in this act, the defendant, or his legal representative, may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved, charged or received in said transaction, or in all such transactions between the same parties."

§ 17. Whether a transaction is usurious is a question of fact, unless the instrument on its face shows the exaction of an illegal rate of interest. Mercer & Co. v. Port, 176 Okl. 589, 56 P.2d 352; General Motors Acceptance Corp. v. Mid-West Chevrolet Co., supra; First Nat. Bank of Ada v. Phares, 70 Okl. 255, 174 P. 519, 21 A.L.R. 793; Deming Inv. Co. v. Grigsby, 65 Okl. 88, 163 P. 530. The burden of proving usury is upon him who alleges it. Wood v. Harris, 201 Okl. 201, 203 P.2d 710; Freed-Goodall Furniture Co. v. Morris Plan Co., 194 Okl. 556, 152 P.2d 902; General Motors Acceptance Corp. v. Mid-West Chevrolet Co., supra.

The document in question here purports to create a trust for the benefit of the plaintiff. But the extent of the defendant's obligation as trustee was to purchase the certificate at the end of one year for $1,000 more than received, or, in other words, to return the money along with an additional $1,000. This is an ear-mark of a loan, and evidence may disclose that the money advanced was intended to be a loan. The law will not permit usury to be accomplished directly or indirectly or by subterfuge or devious means. Williams v. Garrett, 208 Okl. 53, 254 P.2d 369; Barnhart v. Richardson, 134 Okl. 19, 272 P. 418; 160 Okl. 246, 16 P.2d 98; Dies v. Bank of Commerce, 100 Okl. 205, 229 P. 474; Bean v. Rumrill, 69 Okl. 300, 172 P. 452. "In determining the fact of usury, courts are not bound by the form which the transaction took; on the contrary, it is not only the right but the duty of the court to probe behind the written contracts, and to examine all facts and circumstances which shed any light upon the true nature of the transaction." General Motors Acceptance Corp. v. Mid-West Chevrolet Co., supra [66 F.2d 4]; Memorial Gardens of Wasatch v. Everett Vinson & Associates, 10 Cir., 264 F.2d 282. The terms of the instrument provide that the money shall be held in trust and used for the specified purpose of dealing in real property; it gives the defendant full power to manage the funds and property without giving the plaintiff any right therein. If the plaintiff had no interest other than the contractual right to receive $6,000 after one year, and the defendant's duty was correspondingly limited, the necessary trust fiduciary relationship did not exist. Restatement, Trusts, § 2; Wootten v. Wootten, 10 Cir., 151 F.2d 147, 161 A.L.R. 1027; 10 Cir., 159 F.2d 567, certiorari denied 331 U.S. 835, 67 S.Ct. 1516, 91 L.Ed. 1848. While it appears that the purpose of the instrument was to establish a trust, its ambiguous language does not create the necessary fiduciary relationship between the parties, and there were no admissions of counsel from which that relationship could be inferred. Whether the transaction was a loan or something else not giving rise to usury is a question of fact which can be determined only from a consideration of the evidence having to do with the execution of the instrument. Cobb v. Baxter, supra; United Tire & Inv. Co. v. Trone, 189 Okl. 120, 113 P.2d 977.

Furthermore, if the transaction were found to be a loan, the pleadings are sufficient to raise the issues of estoppel and fraud. The record shows that the defendant was a practicing attorney who apparently needed money to finance a real estate operation, and that the form of the transaction was shaped entirely by him. When he accepted the $5,000 he prepared the instrument and procured plaintiff's signature thereon, and he now attempts to take advantage of his own actions. The acts of a borrower in securing a loan may be such as to constitute fraud or to estop him from taking advantage of the penalties provided for in the usury statutes. 55 Am.Jur., Usury, § 102; 91 C.J.S. Usury § 72b; Perry v. Shelby, 196 Ark. 541, 118 S.W. 2d 849; Nikkel v. Lindhorst, 85 Colo. 334, 276 P. 678, 63 A.L.R. 959. But cf. Martin v. Ajax Const. Co., 124 Cal.App. 2d 425, 269 P.2d 132, 135;[2] Annotation

2. In Janisse v. Winston Investment Co., 154 Cal.App.2d 580, 317 P.2d 48, 53, the Martin case was cited in connection with a statement that estoppel is a defense in

63 A.L.R. 962. Usury statutes are enacted to protect borrowers from the demands of unscrupulous lenders, and not to provide vehicles for unjust windfalls. First Nat. Bank of Ada v. Phares, supra. The Oklahoma court has held that "the mere fact that one paid to another an excessive rate of interest pursuant to a contract is not always sufficient to support a finding of usury." To constitute usury there must exist an intent to violate the statute. Morgan v. Security State Bank, 168 Okl. 301, 32 P.2d 925, 927; Martin v. Oklahoma State Bank, 86 Okl. 113, 206 P. 824; Deming Inv. Co. v. Grigsby, supra; Warinner v. Nugent, 362 Mo. 233, 240 S.W.2d 941, 26 A.L.R.2d 278.[3] These issues may be determined only from all the facts surrounding the execution and consummation of the transaction.

Reversed and remanded for a new trial.

a proper case. The court said: "It can readily be admitted that, under proper facts, the defense of estoppel is applicable to a charge of usury in this state. Lindsey v. Campbell, 132 Cal.App. 2d 746, 282 P.2d 948; Martin v. Ajax Construction Co., 124 Cal.App.2d 425, 269 P.2d 132; Martyn v. Leslie, 137 Cal. App.2d 41, 290 P.2d 58; Stock v. Meek, 35 Cal.2d 809, 221 P.2d 15. * * *"

3. Where the contract, in unambiguous terms, requires the payment of an unlawful rate of interest, the intent will be implied. Midland Savings & Loan Co. v. Tuohy, 69 Okl. 270, 170 P. 244; Barnhart v. Richardson, supra.