**COMMERCIAL DISCOUNT COMPANY, a co-partnership, Appellant,**

v.

**William E. RUTLEDGE, Trustee in Bankruptcy of Thurman R. G. Loyd, Bankrupt, Appellee.**

**In the matter of Thurman R. G. LOYD, Bankrupt.**

**No. 6709.**

United States Court of Appeals
Tenth Circuit.

Nov. 14, 1961.

Rehearing Denied Dec. 18, 1961.

Harry D. Moreland, Tulsa, Okl. (Doerner, Stuart, Moreland, Campbell & Saunders and William S. Myers, Tulsa Okl., on the brief), for appellant.

Irvine E. Ungerman, Tulsa, Okl. (Manuel Grabel, Maynard I. Ungerman, William Leiter, R. James Unruh, James F. Metzer, and Theodore P. Gibson, Tulsa, Okl., on the brief), for appellee.

Before BRATTON, PICKETT and HILL, Circuit Judges.

HILL, Circuit Judge.

The case is here from a judgment below, wherein, the trial court, without a reference, sat as the Court of Bankruptcy.

One Thurman R. G. Loyd,[1] upon a voluntary petition in bankruptcy, was duly adjudicated. The appellant, Commercial Discount Company, a co-partnership,[2] filed its Amended Proof of Claim therein seeking the allowance of three separate amounts against the estate, as follows: The sum of $2,200.00 upon a promissory note secured by both a chattel and a real estate mortgage; the sum of $301.87, the unpaid balance upon a second promissory note secured by a real estate mortgage; and the further sum of $4,999.98, which Commercial alleged to be the balance due upon a contract of guaranty between the bankrupt and Commercial. In connection

---

1. Hereinafter referred to as the bankrupt.  2. Hereinafter referred to as Commercial.

with this third item, Commercial alleged that the bankrupt owned a contract between himself and the Post Office Department of the United States Government, whereby the bankrupt was to receive monthly payments aggregating the sum of $6,000.00 over a period of thirty-six months; that the bankrupt sold this contract to Commercial and entered into the agreement of guaranty; and in compliance with the guaranty agreement, the bankrupt also gave to Commercial his note in the sum of $6,000.00 and secured the same by both real estate and chattel mortgages.

The duly appointed trustee in the bankruptcy proceedings, William E. Rutledge,[3] filed his objections to the Amended Proof of Claim, as above described, and also a Counterclaim against Commercial. In substance, the trustee alleged, that as to the first amount claimed by Commercial, only the sum of $2,000.00 was actually advanced by Commercial to the bankrupt on this specific loan, and that the balance of the same, the sum of $200.00, involved compensation to be paid by the bankrupt to Commercial for the use, forbearance and detention of said money, which was usurious under the statutes of the State of Oklahoma; that a fictitious person had been used by Commercial in the making of said loan; that the contract was fraudulent; that the claimant Commercial was not a holder in due course of the paper involved; and that the loan was made by one of the co-partners of Commercial, one W. S. Myers, Sr., in his law office and at a time when Myers was acting as attorney for the bankrupt herein. As to the $6,000.00 transaction, the trustee alleged its invalidity under the statutes of the State of Oklahoma in that only the sum of $3,800.00 was advanced by said claimant to the bankrupt on said instruments involved; that the balance of the amount as shown by the promissory note, the sum of $2,200.00, represented compensation to be paid by the bankrupt to Commercial for the use, forbearance and detention of

said money and that the same was usurious under the statutes of the State of Oklahoma. The trustee, also by Counterclaim, alleged that the claim as filed by Commercial, contained usury to the total amount of $2,400.00, and that under the laws of the State of Oklahoma, he was entitled to counterclaim as against Commercial, by reason of the usurious transactions, twice the amount of $2,400.-00, or the sum of $4,800.00.

The trial court made Findings of Fact and Conclusions of Law, and entered a judgment, finding: That the $2,200.00 transaction contained usury in the amount of $200.00 entitling the trustee to a $400.00 offset against the $2,000.00 actually borrowed; that the $6,000.00 claim actually represented a loan of $3,-840.00; that $1,000.02 had been paid thereupon, leaving a balance due of $2,-839.98, and the transaction was usurious in the amount of $2,160.00, and gave the trustee an offset judgment on this item in the amount of $4,320.00. The record does not disclose an order disposing of Commercial's second claim, being the unpaid balance upon a note in the amount of $301.87, but it is agreed between the parties here, that the amount is due and owing and should be allowed.

Commercial's contentions here may be summarized: (1) The trial court, sitting as a court of bankruptcy, was without jurisdiction to hear and determine trustee's Counterclaim; (2) the judgment rendered is not sustained in law or in fact.

Commercial admits it made no objection below to the jurisdiction of that court to hear and determine the issues raised by the Counterclaim. It further admits, if the bankrupt had a cause of action against it to enforce a penalty for usurious interest, that cause of action passed to the trustee under 11 U.S.C.A. § 110, sub. a(6). But contends, the usury penalties provided for by state statute, may be recovered by the bankrupt or his trustee, only in a plenary action or as a set-off or counterclaim in a suit to fore-

---

3. Hereinafter referred to as trustee.

close the mortgage or lien securing the alleged usurious instrument.

■■ Commercial, by the filing of its claim in the bankruptcy court, United States National Bank v. Chase National Bank, 331 U.S. 28, 67 S.Ct. 1041, 91 L.Ed. 1320; Clem v. Johnson, 8 Cir., 185 F.2d 1011; De Laney v. City and County of Denver, 10 Cir., 185 F.2d 246; Brans v. City of Dallas, Texas, 5 Cir., 217 F.2d 640, and its failure to object to the jurisdiction of that court, to hear and determine the Counterclaims, Section 2, sub. a(7) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(7), thereby consented to the summary jurisdiction of the court. In re Solar Manufacturing Corporation, 3 Cir., 200 F.2d 327, cert. den. Marine Midland Trust Co. of N. Y. v. McGirl, 345 U.S. 940, 73 S.Ct. 831, 97 L. Ed. 1366; Nicholas v. Peter Pan Snack Shop, 5 Cir., 256 F.2d 349; Bay City Shovels, Inc. v. Schueler, 6 Cir., 245 F.2d 73. This legal conclusion is well settled law in this Circuit, Central States Corp. v. Luther, 10 Cir., 215 F.2d 38, cert. den. 348 U.S. 951, 75 S.Ct. 438, 99 L.Ed. 743; Inter-State National Bank of Kansas City v. Luther, 10 Cir., 221 F.2d 382, 383; United States v. Luther, 10 Cir., 225 F. 2d 499, and is based upon implied consent by invocation, Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192, and is sustainable upon the well recognized equitable power of the court to grant complete relief between the parties before the court, Florance v. Kresge, 4 Cir., 93 F.2d 784; Chase National Bank of City of New York v. Lyford, 2 Cir., 147 F.2d 273.

■ On the issue of jurisdiction, we then turn to the Oklahoma statute, 15 O.S.1951 § 267,[4] to determine whether it precludes jurisdiction of the bankruptcy court in cases of this nature. The language of that statute seems clear and ex-

plicit. It creates a cause of action in the defendant, or his legal representative, in any suit brought upon any evidence of indebtedness, wherein an unlawful rate of interest has been collected, reserved, charged or received. Such cause of action to be pursued by set-off or counterclaim in a sum twice the amount of the unlawful interest. There is nothing in that statute that lays jurisdiction of such a cause of action wholly in the state courts or limits the exercise of a debtor's rights, created thereby, to actions brought in the first instance by a creditor to foreclose his lien or mortgage.

■ Counsel for Commercial points out that the jurisdictional amount required by 28 U.S.C.A. § 1331, is not present here. That is correct, but this is not a diversity case. It is a controversy arising in the administration of a bankrupt's estate, and jurisdiction is derived from the Bankruptcy Act, 11 U.S.C.A. § 11.

■ Under Oklahoma law, if a contract is susceptible of two constructions, one lawful and the other usurious, it will be construed on the theory that the parties intended to contract within the law and the construction, upholding the contract, will be adopted; also usury arises only from a loan, which is defined by statute, as a contract, by which one delivers money to another who agrees to return an equivalent sum at a future date with or without interest; Massie v. Rubin, 10 Cir., 270 F.2d 60, 61; Cobb v. Baxter, Okl., 292 P.2d 389; General Motors Acceptance Corp. v. Mid-West Chevrolet Co., 10 Cir., 66 F.2d 1; 10 Cir., 74 F.2d 386; 15 O.S.A. § 261. The burden of proving usury is upon he who alleges it. Wood v. Harris, 201 Okl. 201, 203 P.2d 710. Whether a transaction is tainted with usury is a question of fact, and like all other questions of fact, it is a question of law whether the proof dis-

---

4. " * * * when any suit is brought upon any note, bill or other evidence of indebtedness or to foreclose any mortgage or lien given to secure such indebtedness when a greater rate of interest has been collected, reserved, charged or received than is provided for in this act, the de- fendant, or his legal representative, may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved, charged or received in said transaction, or in all such transactions between the same parties."

closes substantial evidence supporting the facts found. The courts are not rigidly bound by the form with which the alleged usurious transaction took; on the contrary, it has not only the right but the duty to probe behind the written instruments involved and examine all the facts and circumstances, which may shed light upon the true nature of the transaction. General Motors Acceptance Corp. v. Mid-West Chevrolet Co., supra (66 F. 2d 4); Memorial Gardens of Wasatch, Inc. v. Everett Vinson & Associates, 10 Cir., 264 F.2d 282.

From these rules of law, the controlling question is whether or not there was substantial evidence from which the district court might find, that in the acquisition of the promissory notes involved herein, the defendant was lending money to the bankrupt at usurious rates so that the transactions were merely devices to conceal the usury and evade the law. In deciding that question, it was undoubtedly proper for the trial court to consider the fact that appellant is a co-partnership engaged in the loan business, one of whose partners is W. S. Myers, Sr., a lawyer, who handled both of the transactions involved in this proceeding; it was also proper to consider the credibility of the testimony of this witness who represented both the bankrupt and his company; it was proper for the trial court to examine the purported assignment involved and find that an absolute obligation existed on the note and mortgage which supposedly secured the note. In the end, however, the fundamental inquiry is what actually took place between the parties, and not the characterization of the transaction by them.

There was a conflict in the evidence, but the trier of the facts resolved that conflict in favor of the trustee. In reaching this conclusion, the trial judge had an opportunity to hear and consider the evidence, to determine the credibility of the witnesses and to weigh and evaluate all of the evidence before him. We must conclude after a thorough examination of the record, that the findings and judgment of the court are fully sustained by the evidence and the law.

The parties agree, and the record shows, that the court below, in rendering its judgment, did not give consideration to two undisputed items. As a result, Commercial is entitled to an additional credit of $51.87, thereby reducing the judgment in favor of the trustee to $1,-428.15.

The judgment of the court below is therefore modified by reducing the same to $1,428.15, and, as modified, is affirmed.