Chicago Title and Trust Company, Appellee, v. Paul D. Jensen et al.
Appeal of Paul D. Jensen, Appellant.

Gen. No. 36,660.

420

Opinion filed July 5, 1933.

HARRY D. IRWIN, for appellant; ELMER F. DENEKE, of counsel.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, for appellee; ISAAC E. FERGUSON and JESSE H. BROWN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The defendant, Paul D. Jensen, prosecutes this appeal to reverse a decree of the circuit court of Cook county, entered in a foreclosure suit.

In his brief defendant states that "The only question presented to this Court for decision on this appeal by the defendant, Paul D. Jensen, is whether the transaction between Baer, Eisendrath and Company and Jensen was usurious."

The record discloses that in March, 1927, defendant owned a piece of real estate on the north side of Chi-

cago on which he desired to construct a building, and to obtain sufficient funds he, on March 7, 1927, applied to Baer, Eisendrath and Company for a loan of $140,000. The application provided that if the loan was made it should be repaid in specifically designated installments and that it would draw interest from June 1, 1927, at the rate of seven per cent per annum. The application stated that the value of the ground was $50,000 and the building when completed would be worth $165,000, making a total of $205,000.(?) It further provided that Jensen would execute his trust deed, which would be guaranteed to be a first lien on the premises; that the proceeds of the loan should be held by Baer, Eisendrath and Company and be paid out by it as the building progressed to the materialmen, contractors, etc., who furnished labor and material on the building and who would furnish waivers of liens. It further provided that Baer, Eisendrath and Company might at all times hold in its possession sufficient funds in the loan to complete the building free of liens. And in consideration of the services performed by Baer, Eisendrath and Company, Jensen agreed to pay a commission or charge of six per cent of the amount of the loan. It is stated that these services were in negotiating the loan, making examinations during the progress of the construction of the building, and in disbursing the proceeds of the loan to the contractors and materialmen; and that this six per cent might be deducted from the proceeds of the loan upon acceptance of the application.

The application was accepted by Baer, Eisendrath and Company, and on March 15, 1927, Jensen executed 201 bonds aggregating $140,000, and a trust deed conveying the premises in question to the Chicago Title and Trust Company, trustee. March 12, 1927, Baer, Eisendrath and Company credited Jensen's account with the $140,000 and charged against it six per cent commission, or $8,400. The bonds were not ready for

sale until April 29, 1927, and thereafter Baer, Eisendrath and Company began to sell the bonds to the public. During the month of May, 1927, it sold $27,400 of the bonds to 19 different customers; June, $34,100 to 38 customers; July, $25,500 to 16 customers; August, $21,500 to 16 customers; September, $11,000 to 4 customers; October, $14,000 to 9 customers; November, $4,000 to 6 customers; December, the remaining $2,500 to 1 customer.

The evidence further shows that during this period Baer, Eisendrath and Company was, from time to time, making payments toward the construction of the building as follows: By the last of May it had paid out $10,208.70; at the end of June it had paid out more than $66,000; at the end of July more than $81,000; at the end of August more than $112,000; at the end of September more than $121,000; October more than $132,000; and November more than $134,000. All of the bonds were sold and there is no complaint that the proceeds were not properly disbursed, except that Baer, Eisendrath and Company was not entitled to charge the commission of $8,400 and in addition require defendant, Jensen, to pay seven per cent on the face of the bonds; that this commission and seven per cent interest which defendant was required to pay was usurious, because the $140,000 was the money of Baer, Eisendrath and Company. Of course, if the loan was made by Baer, Eisendrath and Company from its own funds, it could not charge a commi on of six per cent and in addition seven per cent on t e face of the bonds. This is forbidden by our statute on interest.

The question whether a loan is usurious is a question of fact, and in determining that question equity will look to the substance of the transaction and disregard the form, and will not permit parties to evade the statute by any scheme or expedient. *Lehmann v. Schimeall,* 195 Ill. App. 511.

It was admitted that there was a default in the payment of some of the bonds and taxes, but defendant's contention is that if he were credited with all he was entitled to, by eliminating usury, there would have been no default and the bill should be dismissed. It appears that during the construction of the building Baer, Eisendrath and Company, at times paid out more money than it had received from the sale of the bonds, and defendant contends that this is evidence sustaining his position that Baer, Eisendrath and Company was loaning its own funds. We are unable to agree with this contention. We think it is clear from a consideration of all the facts in the case, that Jensen and Baer, Eisendrath and Company, both understood, as disclosed by Jensen's application and what was done by the parties, that Baer, Eisendrath and Company would sell the bonds to the public and make payments to the contractors and materialmen as the bills accrued, even though there were not enough funds, at the several times, to meet all the bills, because it is clear that both parties intended all the bonds should be sold and the proceeds used to pay the cost of the building, and this is what was done. Moreover, the six per cent or $8,400 was not paid solely as a commission for loaning the money, because Baer, Eisendrath and Company was required under its agreement with Jensen to pay all bills as the work progressed, to see that waivers of mechanics' liens were obtained, and to sell the bonds. Obviously it should be paid for this work.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.