Gussie Cohn and Blanche Sosna, Plaintiffs-Appellants, v. Receivables Finance Co., and Julian J. Luster, Defendants-Appellees.

Gen. No. 53,111.

First District, Fourth Division.

April 8, 1970.

Rehearing denied May 27, 1970.

Neal Mermall, of Chicago, for appellants.

Julian J. Luster, pro se, of Chicago, appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiffs' suit on a note was terminated by judgment in favor of defendant on his motion for summary judgment. The court found that the loan contract was usurious, and that illegal interest payments, which had exceeded the amount of principal, should be applied thereto. Plaintiffs' motions for rehearing and for leave to file an amended complaint were denied, and plaintiffs appeal.

The contract in question was entered into on February 1, 1942. At that time, defendant had been a personal friend of Gussie Cohn (hereinafter plaintiff), for many years, dating back to the time of her childhood. He also had represented her as her attorney, she having been in his office "very often." He asked her to lend him $5,000, telling her that if she would make the loan, he would pay interest at the rate of 10% per annum. Upon her agreement to those terms, defendant prepared the note for $5,000 due February 1, 1943, bearing 10% interest, and payable to "Gussie Cohn and Blanche Sosna jointly or the survivor of them." The note was signed by defendant Luster on behalf of Receivables Finance Co., a sole proprietorship owned and operated by him, and the note was also endorsed with his individual guaranty.

Defendant concedes that he was plaintiff's attorney at the time and that he did not discuss the issue of usury with her in connection with the loan. He testified that all that was said was, "Gussie, do you want to make me a loan, I need $5,000 and I will give you ten percent interest." Payments of interest (at 10%) were made for approximately 25 years. Defendant further testified that around 1952 he had told plaintiff that "this interest is too much," but she replied that she needed the money "to live on, and that was all." Nothing else was said in this regard until 1967 when plaintiff called defendant and "said she would like to be paid twelve hundred dollars of the note. That was when I decided to rely upon

my defense of usury." Defendant's monthly interest payments of $41.66 from 1942 to 1967 had totalled $12,-539.60. No repayment of principal, designated as such, was ever made or tendered.

Although the court's summary judgment order found the contract usurious, before consideration on appeal may be given to the usury issue, it must be determined, as plaintiff urges, whether usury is available as a defense in this case. This inquiry takes on particular importance in light of the peculiar factual situation presented. Defendant borrower was plaintiff's long-time personal friend, and, most significantly, her lawyer. And, contrary to the ordinary usury situation, it was he—the borrower—who initiated the loan transaction, set the terms of the agreement, and drafted the note.

At 16 ALR3d 510, 513, we find it stated as the majority rule that a borrower who initiates a usurious transaction is estopped from setting up the defense of usury, as he will not be permitted to take advantage of his own wrong. In the instant case, the critical additional factor of defendant's clear fiduciary responsibility to plaintiff as her attorney presents an even more persuasive reason for the working of such an estoppel.

In Builder's Bond & Mortgage Co. v. Bickley, 262 Ill App 603, 609, the court recognized this principle when, faced with a fiduciary relationship between borrower and lender, it stated:

> . . . We are of the opinion that the evidence in the instant case fails to show an unlawful and corrupt intent to charge the defendants with an usurious interest. Furthermore, the defendants are in no position to raise that question, because of the fiduciary relationship existing between Bickley and the complainant. It would be unconscionable for Bickley as the trusted agent, president and director

of the complainant to draw it into a usurious transaction and then insist upon the imposition of a penalty.

We are in accord with this reasoning as applied to the facts of the case at bar, where an even higher fiduciary relationship existed. At a time when defendant was plaintiff's lawyer, he initiated the loan, drew the contract, and thus established the terms he now seeks to avoid. To permit defendant, under these circumstances, to derive any latent advantage from the agreement he prepared, would result in extreme injustice to his unsophisticated and unsuspecting lender who was entitled to rely on the good faith of her lawyer, and who was not advised of the built-in defense against interest which had been embodied in the note.

■■ The obvious general purpose of the usury statutes, as they have been interpreted in many jurisdictions, is to protect the necessitous borrower from the unscrupulous lender. E. g., Ill Rev Stats 1941, c 74, § 1 et seq. This rationale, however, is not applicable in the context of the case now before us, where the borrower-fiduciary, by his own affirmative act, injected usury into the transaction and now seeks to take advantage of the penalty afforded to borrowers by statute. We hold that, because of his unconscionable acts in breach of the highest fiduciary obligation, defendant is estopped from affirmatively pleading the defense of usury.

Defendant places his primary reliance upon the Bickley case, supra, from which we have quoted in regard to the principle of a fiduciary's estoppel. From a close reading of that opinion, certain features stand out: (1) The court did not consider the transaction to have been usurious (pages 609 and 611) ; (2) the note in question called for 6% interest on the unpaid balance, the legal maximum then (as at the time of making the instant note) being 7% ; (3) the maker of the note sought to have the

Appellate Court enforce the penalty of the usury statute by not requiring him to pay any interest; (4) this, the court declined to do, deciding that interest should be paid according to the terms of the note, except that the principal amount was assumed to be $17,000—the amount actually advanced to the borrower—rather than $20,000, the face amount of the note (the difference of $3,000 had been designated by the parties as a commission, and this was the basis of the defendant's allegation of usury) ; (5) thus, the court did not consider the $3,000 as interest, nor did it consider it as principal (because the defendant had never received it) ; (6) therefore, the defendant was not required to pay the $3,000 in any guise, and the contract (the $20,000 note) was, in effect, reformed by the court to that extent; (7) quotations from opinions in other jurisdictions, holding that under a usurious contract prepared by a borrower he will not be required to pay the usurious rate but will be made to pay the legal rate, are dicta.

In our case we have no complication involving a "commission." The note is clearly usurious, and, as we have indicated, we believe that because of the fiduciary circumstances, defendant should not be permitted to raise the defense. The question remaining, however, is whether, granting the application of this principle, a court can properly decree payment of an interest rate which exceeds the maximum prescribed by statute. The cases cited in the dictum of the Bickley opinion, supra, at page 609, hold that it cannot, and that a court may order payment of no more than the maximum legal rate. Short v. Skipwith, 1 Brockenbrough's Reports 103; and Gund v. Ballard, 73 Neb 547. As we interpret the Illinois interest statute, we do not consider ourselves bound to so narrow a result.

When the note in question was made, section 4 established as lawful an interest rate of 7%. Section 5 pro-

vided that a higher rate should not be received, with exceptions not here pertinent. Section 6 declared, as a penalty, that if any person should contract to receive a higher rate of interest, only the principal, without any interest, would be recoverable. Section 7 provided (and still provides) that the defense of usury must be specially pleaded. Ill Rev Stats 1941, c 74, §§ 4, 5, 6 and 7.

■ When all these sections of the statute are read as a whole, it is section 7 which we believe has a critical bearing upon the question now presented. It states:

> § 7. The defense of usury shall not be allowed in any suit, unless the person relying upon such defense shall set up the same by plea, or file in the cause a notice in writing, stating that he intends to defend against the contract sued upon or set off, on the ground that the contract is usurious.

This language indicates clearly that if a defendant who is sued on a usurious note fails or declines to claim the defense, the court then has the obligation to treat the interest as collectible in accordance with its terms, even though it may be at a usurious rate.

In Brauer v. Laughlin, 211 Ill App 534, 544–545, this court held, in regard to a contract which called for a usuricus rate of interest, that, since the defense of usury had not been pleaded, the defendant should be required to comply with the terms of his agreement. See also Harris v. Bernfeld, 250 Ill App 446, 448–449.

Our Supreme Court also dealt with this question in Hibernian Banking Ass'n v. Davis, 295 Ill 537, 129 NE 540. There the court, in considering a defense of usury raised by a junior creditor with respect to a senior obligation, said at page 545:

> It is a sufficient answer to this contention to say that neither [the senior creditor] nor her trustee

in bankruptcy, . . . , in answering the original bill or amended or substitute bill, makes any claim of usury. The defense of usury is a right personal to the debtor and must be by him pleaded. If he is injured by usury it is for him to say whether such is so. He may choose to perform the contract and waive the defense of usury. No one else has the right to raise that defense. (Citing cases.)

■■■ Having determined that defendant in the instant case is estopped from raising the defense of usury (even though he attempted to do so), we next conclude that there is nothing in the statute which dictates that we cannot order payment of a usurious rate. We do not agree with defendant's contention, accepted by the trial court, that defendant must be given credit against principal for the payments which he made through the years in excess of the maximum legal rate of interest. We hold that, under the circumstances of this case, defendant is required to perform the contract as he drew it.

In view of this conclusion, it is not necessary to consider other points raised by plaintiffs.

Accordingly, the judgment of the Circuit Court is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAMOS, P. J. and DRUCKER, J., concur.