4 Ill. App.3d 557 (1972)
281 N.E.2d 346
GEORGE ROGUS, Claimant-Appellee,
v.
CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Exr. of Estate of DAVID SHANDLING, Deceased, Appellant.
No. 55744.
Illinois Appellate Court  First District.
March 8, 1972.
Rehearing denied April 4, 1972.
*558 Sherwin & Sherwin, of Chicago, (Theodore R. Sherwin, of counsel,) for appellant.
Howard W. Minn, of Chicago, for appellee.
Judgment affirmed.
Mr. JUSTICE BURMAN delivered the opinion of the court:
Continental Illinois National Bank and Trust Company of Chicago, as Executor of the Estate of David Shandling, deceased, appeals from a judgment entered in the Probate Division of the Circuit Court in favor of claimant, George Rogus, in the amount of $19,260.
This litigation arises out of a loan made to decedent. The facts leading up to the consummation of the loan are substantially as follows:
Martin A. Grant, Senior Vice President of Blackstone Manufacturing Company, knew the decedent socially and in business for twenty-five years. The decedent called Grant and said, "`Marty, I need money for a couple of months. I have a deal in California, partnership, you know. I have a deal beside a partnership with a screw business. A man died, and estate is in probate, I need money a couple of months, I will be willing to pay interest if I get it for a four month period.'" He mentioned the sum of $20,000.
*559 Shortly thereafter, Grant contacted claimant, George Rogus, a foreman at Blackstone Manufacturing Company where he had been employed for thirty years, and made arrangements for the decedent to meet him. Rogus and decedent did not know each other. When they met, on July 29, 1969, at the company's personnel office, Grant introduced decedent to Rogus stating, "This is * * * the fellow who wants to borrow the money * * * You work out the deal with him now." The decedent said he would pay a full year's interest at 7% for a few months' use of the money. He brought with him a judgment note signed by him in the amount of $18,000 dated July 29, 1969, with interest at 7% after maturity, and two post-dated checks, one in the sum of $15,000 and one in the sum of $3,000, which represented payment of the note. The note and the checks had been completed by the decedent prior to the meeting except for the name of the payee. The decedent filled in the name of claimant as payee. Then Rogus called in Michael Rosinia, Vice President of Personnel for Blackstone, who brought in $18,000 in cash. Claimant testified that he had taken the $18,000 from his vault at the Bank of Hillside. Rosinia witnessed the signature of decedent on the note. He testified that Rogus gave the decedent $18,000 in cash and that he saw the decedent count it and then hand Rogus the note and checks.
The principal contention raised by the Executor is that the claim of $1,260 interest on an alleged loan of $18,000 for a three month period was usurious. Appellant urges that we reverse the judgment of the trial court and grant a new trial. In the alternative, it asks that we remand the matter to the trial court with directions to set off the amount of usurious interest and fix reasonable attorney's fees and court costs, pursuant to the usury statute (Ill. Rev. Stat. 1969, ch. 74, par. 5.) We are unable to grant appellant's request.
 1 The record reveals that the decedent needed a loan in order to participate in two business deals, one in California, and one relating to a screw business of which he was one of the owners. We agree with the claimant that this case falls squarely within the provisions of Ill. Rev. Stat. 1969, ch. 74, par. 4, the pertinent provisions of which are:
"* * * It is lawful to charge, contract for, and receive any rate or amount of interest or other compensation with respect to the following transactions:
(a) * * *
(b) * * *
(c) Any business loan to a business association or copartnership or to a person owning and operating a business as sole proprietor or to any persons owning and operating a business as joint venturers, or to *560 any limited partnership * * * transacted solely for the purpose of carrying on or acquiring the business of such business association, co-partnership, joint venture, limited partnership, * * * or persons."
The above quoted section was recently construed by the Court of Appeals, 7th Circuit, in Ross v. Lake City Equity Finance Corp., 425 F.2d 1, 3, where the court said:
"It is apparent that the legislature sought to provide for unincorporated businesses for whose large scale financing funds would not be readily available absent special provision such as their exemption in the usury statute."
 2-4 The obvious general purpose of the usury statute is to protect the necessitous borrower from an unscrupulous lender. (See 16 A.L.R.3d 510, 513.) Thus a borrower who initiates a usurious transaction is estopped from setting up the defense of usury. (Cohn v. Receivables Finance Co., 123 Ill. App.2d 224, 260 N.E.2d 67.) In the instant case, the decedent voluntarily offered to pay a year's interest on a three month loan. It was he who initiated the terms, and not the lender. "The acts of a borrower in securing a loan may be such as to constitute fraud or to estop him from taking advantage of the penalties provided for in the usury statutes." Massie v. Rubin, 270 F.2d 60, 62.
 5, 6 Appellant also contends that the trial court erred in denying the Executor's motion to recall Martin Grant for further cross-examination. The record reveals that Grant was cross-examined and re-cross examined. The cause was then recessed. When the trial was resumed, other witnesses testified. Subsequently, during the cross-examination of Rogus, counsel for the Executor requested that Grant be recalled for further cross-examination in regard to several checks dated from 1962 through 1969 showing transactions between Grant and decedent. Appellate argues that if it had been allowed to recall Grant, it would have been able to impeach his prior testimony on the basis of this new evidence. It is well established that the refusal of the trial judge to recall a witness for further cross-examination will not be disturbed unless such refusal is shown to be an abuse of discretion. (Schutt v. Terminal Railroad Association of St. Louis, 79 Ill. App.2d 69, 223 N.E.2d 264.) In the instant case, the trial judge felt it would have served no useful purpose to recall Grant, and from our examination of the record, we agree. Under the circumstances, the trial judge was well within the limits of sound judicial discretion in denying appellant's motion.
We granted claimant's motion to incorporate in the record a motion in the trial court for attorney's fees in defending the appeal, and the court's order denying the allowance of fees. We reject the contention *561 that the appeal taken by the Executor was frivolous or taken to accomplish a vexatious delay, and that the court should be directed to hear evidence and award fees and expenses to the claimant.
For the aforementioned reasons, the judgment is affirmed.
Judgment affirmed.
DIERINGER, P.J., and ADESKO, J., concur.