GEORGE HOLDEN *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. GAYLE A. NEVERGALL, a/k/a Gayle A. Loar, Defendant-Appellant and Cross-Appellee.

Fifth District   No. 5—87—0201

Opinion filed July 26, 1988.

Warren N. Loar IV, of Musick & Mitchell, of Mt. Vernon, for appellant.

Morris Lane Harvey, of Law Offices of Morris Lane Harvey, of Fairfield, for appellees.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs, George and Waunetta Holden, brought suit on a promissory note seeking recovery for principal, interest, and attorney fees. The defendant, Gayle Loar, the daughter of the plaintiffs, raised the defense of usury and counterclaimed for the statutory penalty for usury under section 6 of the Interest Act (Ill. Rev. Stat. 1985, ch. 17, par. 6413). The circuit court of Marion County tried this cause on December 2, 1986. On February 19, 1987, the circuit court found that the parties had entered into a usurious contract, but it did not impose the statutory penalty. The circuit court recalculated the balance due under the note using the maximum allowable statutory interest rate

of 9% *per annum* under section 4 of the Interest Act (Ill. Rev. Stat. 1985, ch. 17, par. 6404), determined that the note carried a balance of $18,568.26, and added attorney fees of $1,866.83 in accordance with the note's provisions. The defendant appeals, and the plaintiffs cross-appeal. We affirm in part, reverse in part, and remand.

On August 26, 1981, defendant and her mother purchased a home at 317 Country Club Estates in Salem, Illinois, from Susan and Spencer Grover, and received title to the house in joint tenancy. The purchasers assumed from the Grovers an existing mortgage of $40,000 on the property. That mortgage was payable to Marion County Savings and Loan in Salem and carried an interest rate of 14.5%. The record indicates that plaintiffs subsequently transferred their interest in the subject real estate to the defendant. The plaintiffs delivered a gift of $10,000 to the defendant on November 3, 1981, and delivered another gift of $10,000 on December 10, 1981, and the defendant applied these gifts toward reducing the principal of the mortgage indebtedness. The defendant made monthly payments of $246.96 on the mortgage, and, as of September 7, 1982, the mortgage had a remaining balance due of $19,430.93. George Holden owned a $20,000 certificate of deposit which matured on that date, and, pursuant to an agreement among Holden, his wife, and the defendant, Holden paid the mortgage on the house and received and recorded a release from the savings and loan. In addition, Holden paid the defendant the difference between the balance due on the mortgage and the $20,000 certificate of deposit. The plaintiffs prepared and the defendant executed a promissory note providing interest at the rate of 14.5% *per annum* for $20,000 payable on demand to the plaintiffs, and the defendant delivered the note to the plaintiffs on September 7, 1982.

Defendant thereafter made 34 monthly payments of $246.96 each to the plaintiffs. The defendant made her last monthly payment on July 26, 1985. The defendant divided these payments, in accordance with the terms of the note, between principal and interest, which, after the 34 monthly payments, reduced the principal of the note by $244.91 to $19,755.09. The remaining payments of $8,151.73 represented interest charges.

The relationship between the plaintiffs and the defendant deteriorated in the summer of 1985. In July of 1985, defendant listed the house for sale with a real estate broker, and the defendant made no further payments on the note subsequent to that month. The plaintiffs filed a complaint seeking the recovery of principal, accrued interest, and attorney fees on the note, and filed a *lis pendens*; and the defendant raised the defense of usury and counterclaimed for the statutory

penalty for usury under section 6 of the Interest Act (Ill. Rev. Stat. 1985, ch. 17, par. 6413).

The circuit court of Marion County tried this cause on December 2, 1986. On February 19, 1987, the circuit court found that the parties had entered into a usurious contract, but it did not impose the statutory penalty. The trial court recalculated the balance due under the note using the maximum allowable statutory interest rate of 9% *per annum*, determined that the note carried a balance of $18,568.26, and added attorney fees of $1,866.83 in accordance with the note's provisions. The defendant appeals, and the plaintiffs cross-appeal.

The defendant contends that the trial court erred in failing to impose the statutory penalties for usury and that the trial court erred in awarding attorney fees under the terms of an illegal note. The plaintiffs contend that the trial court erred by reducing the rate of interest on the note to 9%, and that the court should have enforced the interest on the note at the rate of 14.5%, in accordance with the terms of the note.

■ The defendant initially contends that the trial court erred in failing to impose the statutory penalties for usury. Section 4 of the Interest Act prescribes, "The maximum rate of interest that may lawfully be contracted for is determined by the law applicable thereto at the time the contract is made." (Ill. Rev. Stat. 1985, ch. 17, par. 6404.) It also provides:

"In all written contracts it shall be lawful for the parties to stipulate or agree that 9% per annum, or any less sum of interest, shall be taken and paid upon every $100 of money loaned or in any manner due and owing from any person to any other person or corporation in this state, and after that rate for a greater or less sum, or for a longer or shorter time, except as herein provided." (Ill. Rev. Stat. 1985, ch. 17, par. 6404.)

The plaintiffs did not contend that any of the numerous exceptions to the rate of 9% *per annum* were applicable to this note.

The parties agreed to a rate of interest on the note of 14.5% *per annum*, which is above the lawful rate of 9% and is thus usurious. The remedy for a usurious note is found in section 6 of the Interest Act:

"If any person or corporation knowingly contracts for or receives, directly or indirectly, by any device, subterfuge or other means, unlawful interest, discount or charges for or in connection with any loan of money, the obligor may, recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract

or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender. The payments due and to become due including all interest, discount and charges included therein under the terms of the loan contract, shall be reduced by the amount which the obligor is thus entitled to recover." (Ill. Rev. Stat. 1985, ch. 17, par. 6413.)

The general purpose of the usury statute is to protect the necessitous borrower from oppression by unscrupulous lenders. (*Cohn v. Receivables Finance Co.* (1970), 123 Ill. App. 2d 224, 228, 260 N.E.2d 67, 69.) Whether a loan is usurious depends on whether both the borrower and the lender intended to contract for usurious interest. (*Dobie v. Livengood* (1957), 12 Ill. App. 2d 343, 350-51, 139 N.E.2d 599, 693.) This question of fact is determined by the substance of the transaction rather than its form, to insure against evasion of the statute by a party's schemes or expediences. *Chicago Title & Trust Co. v. Jensen* (1933), 271 Ill. App. 419, 422.

■ The record indicates that the note was prepared by the plaintiffs; however, the record also shows that the defendant suggested the 14.5% rate of interest on the note. The rate of interest on the note was identical to the rate that the defendant had formerly paid to the savings and loan. When the defendant's mother suggested a lower rate, the defendant objected, stating, "I have my pride." Defendant testified that she believed that if she paid the interest to her parents, then the money would remain in the parents' estates so that she would eventually recoup some of it. She reinforced this testimony by subsequently stating, "I expected that whatever I paid would come back to me some day through inheritance ***." The monthly payments to the plaintiffs remained at $246.96 after the execution of the note, which was the identical sum the defendant paid monthly to the savings and loan. The defendant did not object to the 14.5% rate of interest until the petition was filed in December of 1985. In response to a question whether it was objectionable to her to pay the 14.5% rate of interest to her parents as opposed to paying it to the savings and loan, the defendant answered, "No."

We find that the evidence in this case is clearly sufficient to show that the defendant suggested the usurious rate of interest, and, because of this, she is estopped by her conduct from raising usury as a defense. The doctrine of estoppel applies when a borrower initiates a usurious transaction, because the borrower is not permitted to take advantage of her own wrong. (*Cohn v. Receivables Finance Co.* (1970), 123 Ill. App. 2d 224, 227, 260 N.E.2d 67, 68.) In the case of *Cohn v.*

*Receivables Finance Co.* (1970), 123 Ill. App. 2d 224, 260 N.E.2d 67, an attorney borrowed money from a client at a usurious rate of interest. The attorney prepared the documents and made monthly payments on the loan for 25 years. The client sued on the note and the attorney defended on the grounds of usury. The court found that the attorney had initiated the transaction with the client and estopped the attorney from asserting the defense of usury. (*Cohn v. Receivables Finance Co.* (1970), 123 Ill. App. 2d 224, 227-28, 260 N.E.2d 67, 68-69.) In the case of *Rogus v. Continental Illinois National Bank & Trust Co.* (1972), 4 Ill. App. 3d 557, 281 N.E.2d 346, an executor appealed from a judgment in favor of a creditor of the decedent's estate. The decedent had initiated a transaction with the creditor to borrow money at a usurious rate of interest. The court estopped the executor from setting up the defense of usury because the debtor-decedent had initiated the terms of the transaction. (*Rogus v. Continental Illinois National Bank & Trust Co.* (1972), 4 Ill. App. 3d 557, 560, 281 N.E.2d 346, 348.) The *Rogus* court quoted the holding of *Massie v. Rubin* (10th Cir. 1959), 270 F.2d 60, that "[t]he acts of a borrower in securing a loan may be such as to constitute fraud or to estop him from taking advantage of the penalties provided for in the usury statutes." *Massie v. Rubin* (10th Cir. 1959), 270 F.2d 60, 62; see also 47 C.J.S. *Interest & Usury* §207, at 351-52 (1982) ("[t]o constitute estoppel, there must be an affirmative act by the borrower which injects usury into the transaction. *** [A] borrower who induces a lender by his conduct to enter into a usurious agreement that he would not otherwise have made, or who participates in a subterfuge of his own making without the knowledge or participation of the lender is estopped from setting up the defense of usury").

In this instance, we find that the defendant is estopped from asserting the defense of usury because the defendant suggested the interest rate of 14.5%. We also find that the trial court did not err in imposing attorney fees on the defendant under the terms of the note. Certain contracts, such as those for gambling or for immoral or illegal purposes, are absolutely void and unenforceable. A contract which provides a usurious rate of interest, however, is not in this group and is thus not void *ab initio*. (*Hall v. Montaleone* (1976), 38 Ill. App. 3d 591, 592, 348 N.E.2d 196, 198.) Since the only claim to illegality of this note is under the usury statute, and we have estopped the defendant from asserting usury, the trial court was correct in enforcing the provision of the note regarding attorney fees.

Since we have found that the defendant is estopped from asserting usury, we must also determine whether we can compel the

defendant to pay a rate of interest which exceeds the maximum rate prescribed by the statute. The court in *Cohn v. Receivables Finance Co.* (1970), 123 Ill. App. 2d 224, 260 N.E.2d 67, found on this issue that where a party sued on a usurious note fails or declines to claim the defense, the court must treat the interest as collectable in accordance with the terms of the note, even though that rate is usurious. (*Cohn v. Receivables Finance Co.* (1970), 123 Ill. App. 2d 224, 231, 260 N.E.2d 67, 70.) We thus find that the defendant has an obligation to pay the note at the rate of 14.5% interest *per annum*, and we find that the failure of the trial court to enforce the note in accordance with its terms was error.

We thus affirm the judgment of the court in regard to imposing attorney fees on the defendant under the terms of the note, reverse the judgment of the court in regard to its finding of usury on the note and its determination to reduce the rate of interest on the note to 9%, and remand the cause with directions that the court enter an order to enforce the note in accordance with its original terms.

Affirmed in part; reversed in part and remanded with directions.

KARNS and CALVO, JJ., concur.