ELAINE C. ANDREWS, Plaintiff-Appellee, v. GEORGE C. CRAMER, Defendant-Appellant.

First District (4th Division)   No. 1—93—0174

Opinion filed December 30, 1993.

LaSalle Law Centre, of Chicago (John Thomas Moran, Jr., of counsel), for appellant.

Marvin W. Gray, of Chicago, for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, George C. Cramer, appeals from an order granting the plaintiff, Elaine C. Andrews, summary judgment on her complaint alleging breach of a loan contract. We consider: (1) whether the plaintiff admitted the defendant's affirmative defense of usury when she failed to reply to the defense; and (2) whether there was a genuine issue of material fact on the usury defense which would preclude entry of summary judgment. For the following reasons, we reverse and remand.

The plaintiff filed a verified complaint against the defendant and Edward Cramer, who is not a party to this appeal, alleging that they breached a written contract, dated September 1, 1987, to repay a loan of $10,000. An installment note was attached as an exhibit to the complaint and stated in part:

"1. That the total payment of $10,700 will be due and owing on or before October 31, 1987. Further, that if the $10,000 is paid

prior to the due date, the interest payment of $700 will still be due and owing for said period.

2. That for each and every day that the full payment of $10,700 is not tendered to [the plaintiff] within 30 days subsequent to October 31, 1987, $25 will be assessed for each and every day the loan is not paid in full.

3. That for each and every day that full payment of $10,700 is not tendered to [the plaintiff] 31 days subsequent to November 30, 1987, $50 will be assessed for each and every day the payment of the loan is not paid in full."

The note stated that it was secured by a quit claim deed for real property. In the complaint, the plaintiff alleged that the initial $700 and the subsequent $25- and $50-per-day charges were interest. She also alleged that the defendants failed to make any payments on the note and that $14,550 was due; she requested that amount plus additional accruing interest.

The defendant filed a notice of a usury defense as required under section 7 of the Interest Act (Act) (Ill. Rev. Stat. 1989, ch. 17, par. 6415). He also filed an answer and affirmative defenses which were subsequently amended. In his answer, the defendant admitted that he entered into the contract with the plaintiff in consideration of an obligation to repay the loan and that he did not pay any money on the loan; however, he denied the amount due. The defendant raised several affirmative defenses, including usury. He asserted that the contract violated section 4(1) of the Act, which set a maximum interest rate of 9% per year (Ill. Rev. Stat. 1989, ch. 17, par. 6404(1)). The plaintiff was granted leave to respond to the affirmative defenses, but she failed to do so.

The plaintiff moved for summary judgment relying on her complaint, the note, and the defendant's amended answer. She argued that the defendant's pleadings failed to establish any genuine issue of material fact. She asserted that the note provided the defendant was required to repay the $10,000 at an interest rate of 7% per year, the defendant admitted he entered into the contract and did not repay the loan, and the usury defense was without merit because the interest rate charged in the note was under the maximum interest rate of 9% per year as allowed in the Act. As a result, the plaintiff requested judgment in the amount of $10,000 plus 7% or $700-per-year interest.

In his response, the defendant agreed that there was no issue of material fact, but contended that the charges of $25 and $50 per day were interest which exceeded the 9% maximum yearly interest rate in the Act. The defendant moved for summary judgment in his favor

on his usury defense asserting that the charges in the note amounted to an interest rate exceeding 70% per year. He relied on the complaint, the contract, and his amended answer.

The trial court granted the plaintiff's motion for summary judgment, denied the defendant's cross-motion, and entered judgment in the plaintiff's favor for $10,000 plus 7% interest per year from the date of the contract. The defendant now appeals.

OPINION

Summary judgment should be granted if the pleadings, depositions, admissions on file, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) The purpose of summary judgment is not to decide a question of fact but to determine whether one exists. (*Gatlin v. Ruder* (1990), 137 Ill. 2d 284, 560 N.E.2d 586.) When parties file cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issues based on the record. (*Allen v. Meyer* (1958), 14 Ill. 2d 284, 152 N.E.2d 576.) However, the mere filing of cross-motions for summary judgment does not establish that there is no issue of material fact and does not obligate the trial court to render summary judgment. (*Haberer v. Village of Sauget* (1987), 158 Ill. App. 3d 313, 511 N.E.2d 805.) On appeal from the entry of summary judgment, the standard of review is *de novo. In re Estate of Hoover* (1993), 155 Ill. 2d 402, 615 N.E.2d 736.

■ The defendant first argues that summary judgment was improper because the plaintiff failed to reply to his affirmative defense of usury and, as a result, the defense was admitted. In his motion for summary judgment, the defendant did not make this argument. Because an appellant's failure to raise an issue in the trial court results in a waiver of that issue on appeal (*Furgatch v. Butler* (1988), 188 Ill. App. 3d 1060, 545 N.E.2d 140), this issue was waived.

However, even if the issue were not waived, only the facts contained in an affirmative defense would be admitted when a party fails to reply to the defense. "The facts constituting any affirmative defense *** must be plainly set forth in the answer or reply." (Ill. Rev. Stat. 1989, ch. 110, par. 2—613(d).) Usury is an affirmative defense. (*Laegeler v. Bartlett* (1957), 10 Ill. 2d 478, 140 N.E.2d 702; see *Commercial Mortgage & Finance Co. v. Life Savings of America* (1989), 129 Ill. 2d 42, 51, 541 N.E.2d 661.) Although the failure to reply to a usury defense results in an admission of that defense (*Watt v. Cecil* (1938), 368 Ill. 510, 15 N.E.2d 292; see Ill. Rev. Stat. 1989, ch. 110,

par. 2—610(b)), only facts alleged in the defense are admitted (*Mooney v. Underwriters at Lloyd's* (1965), 33 Ill. 2d 566, 213 N.E.2d 283; *Mitchell Buick & Oldsmobile Sales, Inc. v. National Dealer Services, Inc.* (1985), 138 Ill. App. 3d 574, 485 N.E.2d 1281). In this case, the defendant's affirmative defense merely asserted that the contract violated the statute that prohibits usury; there were no facts alleged in the defense. Therefore, the plaintiff's failure to reply to the defense did not result in an admission that the contract charged a usurious interest rate.

■ The defendant alternatively argues that if the usury defense was not admitted when the plaintiff failed to reply, summary judgment in the plaintiff's favor was still improper because the plaintiff's pleadings established that the interest rate, when including the daily charges, was usurious. The plaintiff contends that summary judgment was proper because even if the interest rate with the daily charges was usurious, it had no effect because she waived the alleged usurious interest when she sought the loan amount and only 7% yearly interest.

Whether a loan is usurious is a question of fact that is dependent on the intent of the lender and the borrower to contract for unlawful interest. (*Holden v. Nevergall* (1988), 172 Ill. App. 3d 700, 526 N.E.2d 928.) The question is determined by considering the nature and substance of the transaction, rather than its form, to guard against a lender violating the statute through the use of ingenious schemes or devices. (*Saskill v. 4-B Acceptance* (1983), 117 Ill. App. 3d 336, 453 N.E.2d 761.) A lender may not evade the statute under the guise of assessing charges for the use of the money and terming the charges something other than interest. (*Saskill*, 117 Ill. App. 3d 336, 453 N.E.2d 761.) An intentional violation of the statute results in a penalty of double the total of all interest, discount, and charges under the contract; however, a lender's *bona fide* error is not a violation of the statute if the error is corrected within a reasonable time. (Ill. Rev. Stat. 1989, ch. 17, par. 6413.) "[U]nwitting userers forfeit all interest charged on the note, while intentional userers may be charged double the total of all interest charged plus attorney fees and court costs." *Saskill*, 117 Ill. App. 3d at 342, 453 N.E.2d at 766.

Whether a contract is usurious is not dependent on the face of the document; other evidence may be introduced to prove the question. (*Clemens v. Crane* (1908), 234 Ill. 215, 84 N.E. 884; see *Commercial Mortgage*, 129 Ill. 2d at 48-49 (although documents recited that the loan was for business purposes, which is an exception to the prohibition against usury, a witness' testimony that the loan

was actually personal proved a claim of usury).) The court may consider extrinsic or parol evidence, even if the contract is not ambiguous, to determine whether there was an intentional violation of the statute. *Clemens*, 234 Ill. 215, 84 N.E. 884; *Firebaugh v. Seegren* (1932), 265 Ill. App. 381.

Several issues of material fact are present in this case that preclude the entry of summary judgment in favor of either party. Primarily, there is a question of fact as to whether the plaintiff and the defendant intended to contract for a usurious interest rate. As part of this question, it must be determined whether the daily charges were actually interest and were termed "charges" to evade the prohibition against usury. Also, it should be considered whether the note, as structured, allowed the defendant some control in allowing the daily charges to accrue by failing to pay on the note until the point where they could become usurious. Further, there is a question as to whether the plaintiff made a *bona fide* error as to the alleged usury and corrected it within a reasonable time, as she asserts, when she waived her pursuit of the daily charges. On these questions, the parties may introduce evidence that is outside the four corners of the loan document. Because questions of fact remain, neither the plaintiff nor the defendant was entitled to summary judgment.

Reversed and remanded.

CAHILL, P.J., and JOHNSON, J., concur.