2021 IL App (1st) 200263-U

No. 1-20-0263

Order filed September 9, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROBERT POPOVICH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 L 39 |
| | ) | |
| IZAT HASOUNEH, | ) | Honorable |
| | ) | Daniel T. Gillespie, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice Gordon concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court properly entered summary judgment in favor of defendant where plaintiff failed to show that his personal injury claim was timely filed within the appliable statute of limitations period or that defendant was equitably estopped from asserting that defense.

¶ 2     Plaintiff Robert Popovich sued defendant Izat Hasouneh for personal injuries plaintiff sustained when Hasouneh's automobile rear-ended Popovich's stationary automobile. The parties filed cross-motions for summary judgment. The circuit court granted summary judgment in favor

of defendant and against plaintiff based on the statute of limitations and denied plaintiff's cross-motion for summary judgment, which argued that the doctrine of equitable estoppel tolled the statute of limitations.

¶ 3 On appeal, plaintiff argues that (1) defendant was not entitled to summary judgment because plaintiff presented sufficient evidence to support his claim of equitable estoppel; (2) plaintiff was entitled to summary judgment on the issue of equitable estoppel because there was no genuine issue of material fact, and (3) defendant forfeited his right to assert a statute-of-limitations defense.

¶ 4 For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 5                                    I. BACKGROUND

¶ 6 On July 20, 2013, plaintiff was driving east on West 127th Street in Alsip, Illinois, and was stopped at a red light east of Cicero Avenue. As he waited for the light to change, defendant's vehicle collided into the rear of the plaintiff's vehicle. Plaintiff alleged that this collision caused injuries, pain and suffering and other damages. An Alsip police officer arrived on the scene and investigated. Defendant told both the police officer and plaintiff that he (defendant) did not have liability insurance. The police officer filled out an Illinois traffic crash report and wrote "None" in the space designated for defendant's insurance company. Defendant was issued a traffic citation for operating an uninsured motor vehicle in violation of section 5/3-707 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/3-707 (West 2012)). The court record on the traffic citation

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

showed that it was stricken with leave to reinstate. According to an affidavit by Deb Tau, the vice-president of claims for Apollo Casualty Company (Apollo), which was defendant's auto insurance company on the date of the collision, defendant did not report the collision to Apollo until December 29, 2015, almost two and a half years after the collision.

¶ 7    Eventually, plaintiff learned that defendant had liability insurance[2] at the time of the July 20, 2013 collision and filed his personal injury complaint against defendant on January 2, 2018, which plaintiff avers was within two years of when he first learned that defendant was covered by liability insurance for the collision.

¶ 8    Defendant was served on March 6, 2018, but did not respond within the required 30 days. On May 4, 2018, plaintiff moved for a default judgment. As a courtesy, plaintiff sent to Apollo copies of the motion and notice, complaint, and summons.

¶ 9    On May 8, 2018, defendant, represented by counsel, filed an answer, which did not assert any affirmative defense regarding the statute of limitations. Defendant also filed interrogatories, a request for production and a notice to produce. Thereafter, the circuit court set deadlines for propounding and responding to written discovery, which eventually were extended to September 2018, and completing the party depositions by October 2018.

¶ 10    In October 2018, defendant moved to dismiss plaintiff's complaint under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)), asserting plaintiff failed to file his complaint prior to the expiration of the two-year statute of limitations.

---

[2] The record does not reveal when or how plaintiff learned this information.

¶ 11 Plaintiff moved to strike and dismiss defendant's 2-619 motion, asserting defendant forfeited his statute of limitations claim by failing to raise it within the time for pleading.

¶ 12 In December 2018, the circuit court *sua sponte* granted defendant 7 days to file an amended answer and affirmative defense and granted plaintiff 28 days thereafter to file a response to the affirmative defense.

¶ 13 Defendant then filed his amended answer and affirmative defense, asserting that the statute of limitations expired on July 20, 2015, and plaintiff failed to file his January 2, 2018 complaint within the two-year statute of limitations.

¶ 14 In response, plaintiff moved to strike and dismiss defendant's affirmative defense pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2018)). Plaintiff argued that defendant had fraudulently and affirmatively misled plaintiff by falsely stating that he did not have liability insurance, and equitable estoppel barred him from asserting his statute-of-limitations defense because his false statement had induced plaintiff not to sue him within two years of the collision.

¶ 15 In April 2019, the trial court denied plaintiff's motion to strike defendant's affirmative defense, ordered plaintiff to respond to the affirmative defense, and set new discovery deadlines.

¶ 16 In August 2019, defendant moved for summary judgment, arguing that plaintiff failed to file his complaint within the two-year statute of limitations. Defendant argued that plaintiff had a duty to conduct his own due diligence on defendant's insurance status and could have filed a Freedom of Information Act (FOIA) request to verify whether defendant was insured.

¶ 17    In response, plaintiff presented affidavits and recent FOIA responses from the Illinois Secretary of State and the Illinois Department of Insurance, which established that neither agency could provide any information on whether defendant had liability insurance on July 20, 2013, because neither agency maintained data nor records on whether Illinois drivers have liability insurance. Plaintiff also attached documents from the Department of Insurance, stating 329 companies sell motor vehicle liability insurance in Illinois. Plaintiff argued that summary judgment should be denied because there was a genuine issue of material fact as to whether defendant's conduct estopped him from asserting the statute-of-limitations defense.

¶ 18    Plaintiff also filed his second amended reply to defendant's affirmative defenses, which asserted that defendant's fraudulent concealment of the material fact that he did have liability insurance tolled the statute of limitations. Plaintiff asserted that defendant was equitably estopped from pleading or otherwise asserting the statute of limitations because (1) at the time of the accident he misrepresented the material fact that he had liability insurance, (2) he knew that misrepresentation was false, (3) plaintiff did not know the misrepresentation was false, (4) defendant intended or reasonably expected plaintiff would act on that misrepresentation, (5) plaintiff relied on defendant's misrepresentation in good faith and to his detriment by not filing suit against defendant within two years of the accident, and (6) plaintiff would be prejudiced by his reliance on the defendant's misrepresentation if defendant was permitted to deny the truth thereof.

¶ 19    In October 2019, plaintiff filed his cross-motion for summary judgment based on equitable estoppel, arguing that there was no genuine issue as to any material fact that plaintiff had

established the six elements of equitable estoppel. Plaintiff asked the court to grant him summary judgment on the issue of equitable estoppel by denying defendant's affirmative defense. Also in October 2019, the court heard argument on the cross-motions for summary judgment.

¶ 20    On November 15, 2019, the court granted defendant's motion for summary judgment based on the statute of limitations. The court stated that a party cannot shut his eyes to the obvious facts or neglect to seek easily accessible information and then claim equitable estoppel. The court stated that plaintiff could not benefit from equitable estoppel because he had means of knowing the true facts. Specifically, if he had timely filed his complaint against defendant, plaintiff could have learned through discovery that defendant had liability insurance.

¶ 21    Plaintiff moved the court to reconsider its ruling, arguing that if he had sued within two years of the collision, defendant likely would have ignored the summons as he did in the instant case and, as a result, plaintiff would not have been able to conduct discovery and would have received at best an uncollectible default judgment. Plaintiff also stated that the court had not ruled on his cross-motion for summary judgment.

¶ 22    On January 7, 2020, the circuit court denied plaintiff's cross-motion for summary judgment and motion for reconsideration. Plaintiff timely appealed.

¶ 23                                    II. ANALYSIS

¶ 24    On appeal, plaintiff argues that (1) defendant was not entitled to summary judgment because plaintiff presented sufficient evidence to support his claim of equitable estoppel, (2) plaintiff was entitled to summary judgment on the issue of equitable estoppel because there

was no genuine issue of material fact concerning that claim, and (3) defendant forfeited his right to assert a statute-of-limitations defense.

¶ 25    Plaintiff asks this court to either (1) reverse the circuit court's order granting summary judgment and remand for a hearing on plaintiff's assertion of equitable estoppel or (2) reverse the circuit court's orders granting defendant's motion for summary judgment and denying plaintiff's cross-motion for summary judgment, grant plaintiff's cross-motion for summary judgment, and remand for a hearing on damages.

¶ 26    Summary judgment is proper when the pleadings, depositions, admissions, and affidavits, construed strictly against the movant and liberally in favor of the opponent, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018); *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). "Plaintiffs are not required to prove their case at the summary judgment stage." *Thompson v. Gordon*, 241 Ill. 2d 428, 438 (2011). The purpose of summary judgment is not to try a question of fact, but to determine whether a genuine issue of material fact exists. *Illinois State Bar Association Mutual Insurance Co. v. Law Office of Tuzzolino & Terpinas*, 2015 IL 117096, ¶ 14. Summary judgment is a drastic measure and should be granted only when the movant's right to judgment is clear and free from doubt. *Adams*, 211 Ill. 2d at 42-43. "If the defendant is entitled to judgment as a matter of law on the claims as pled by the plaintiff, the motion will be granted without regard to the presence of evidentiary material which might create a right of recovery *** on some unpled claim or theory." *Pagano v. Occidental Chemical Corp.*, 257 Ill. App. 3d 905, 911

(1994). Where a reasonable person could draw divergent inferences from the undisputed facts, summary judgment should be denied. *Adams*, 211 Ill. 2d at 42-43.

¶ 27    Where the parties have filed cross-motions for summary judgment, they have conceded that there are no genuine issues of material fact and have agreed that only questions of law are involved. *Nationwide Financial, LP v. Pobuda*, 2014 IL 116717, ¶ 24. In such a situation, the parties request that the court decide the issues as a matter of law. *Id.* However, the mere filing of cross-motions does not preclude a determination that triable questions of material fact exist. *Andrews v. Cramer*, 256 Ill. App. 3d 766, 769 (1993). Partial summary judgment may be granted whenever there is no material factual dispute as to any major issue in a case, even if substantial controversy exists with respect to other issues. *Gleicher, Friberg & Associates, M.D., S.C. v. University of Health Sciences, Chicago Medical School*, 224 Ill. App. 3d 77, 87 (1991). We review *de novo* the trial court's judgment on cross-motions for summary judgment. *Pobuda*, 2014 IL 116717, ¶ 24; see also *Thomas v. Weatherguard Construction Company, Inc.*, 2015 IL App (1st) 123470, ¶ 63 (under *de novo* review, the reviewing court performs the same analysis the trial court would perform).

¶ 28                          A. Statute of Limitations and Equitable Estoppel

¶ 29    Plaintiff argues that the circuit court erred in granting summary judgment in favor of defendant because he is equitably estopped from pleading the two-year statute of limitations as an affirmative defense based on his misrepresentation to plaintiff and the police at the time of the collision that he did not have liability insurance. Plaintiff asserts that he sufficiently alleged facts to support his claim of equitable estoppel and a genuine issue of material fact exists regarding

whether he filed suit in a reasonable time after learning defendant had liability insurance. Plaintiff also argues that defendant never contested plaintiff's allegations of equitable estoppel before the circuit court, which improperly denied plaintiff his right to a hearing on the issue of equitable estoppel.

¶ 30    Plaintiff asserts that "no lawyer would take a conventional rear-ender motor vehicle accident case when the tortfeasor states on the accident report that he does not have liability insurance. It is simply not worth the effort when the likely outcome in such a case is a judgment that is not worth the costs of collecting it, or a judgment that is simply uncollectible." Plaintiff argues that this type of case is litigated by lawyers on a contingent fee basis, lawyers generally do not work for free, and it would not be practical to file suit against a motor vehicle accident tortfeasor who did not have liability insurance. Plaintiff also argues that this court should hold that in the context of a motor vehicle accident the issue of whether a tortfeasor has liability coverage constitutes a material fact.

¶ 31    Defendant argues that the trial court properly awarded him summary judgment because plaintiff failed to timely file his lawsuit within the two-year statute of limitations since the collision at issue occurred on July 20, 2013, the statute of limitations expired on July 20, 2015, and plaintiff filed his complaint on January 2, 2018. Defendant also argues that the doctrine of equitable estoppel does not toll the statute of limitations here because the only inference that can be drawn from the undisputed facts is that plaintiff knew on the date the collision occurred all the material facts necessary to file his personal injury claim. Specifically, defendant argues that his alleged misrepresentation regarding his possession of motor vehicle insurance coverage was not a material

fact and plaintiff's detrimental reliance on that misrepresentation was not reasonable and in good faith.

¶ 32    Defendant contends that plaintiff should have been skeptical of defendant's status as an uninsured driver because all Illinois residents are subject to section 5/7-601 of the Vehicle Code (625 ILCS 5/7-601 (West 2012)), which requires them to carry automobile insurance. Further, the traffic citation issued to defendant for driving an uninsured vehicle was "stricken off the call" without a guilty plea or court finding that he was driving an uninsured vehicle, and it was unreasonable for plaintiff to rely on that traffic citation without a final disposition. Defendant also argues that plaintiff had the means to learn (and did learn at some point) that defendant was covered by insurance at the time of the collision because plaintiff could have easily sought the advice of an attorney after the collision to determine how to proceed against an allegedly uninsured defendant. If a timely lawsuit had been filed, discovery would have revealed that defendant had insurance at the time of the collision. Defendant contends that the lack of insurance coverage would not ordinarily lead an individual to forgo his right to file a timely lawsuit. Defendant asserts that equitable estoppel is properly decided as a matter of law here because the facts are undisputed and reasonable people could not differ about the inferences to be drawn from the presented facts.

¶ 33    Equitable estoppel is defined as "the effect of a person's conduct whereby the person is barred from asserting rights that might otherwise have existed against the other party who, in good faith, relied upon such conduct and has been thereby led to change his or her position for the worse." *Geddes v. Mill Creek Country Club*, 196 Ill. 2d 302, 313 (2001); see also *Ashfa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998) (equitable estoppel prevents a party from asserting the

expiration of the statute of limitation as a defense when that party's improper conduct induced the other into failing to file within the statutory period). To establish equitable estoppel, plaintiff must demonstrate that (1) defendant misrepresented or concealed a material fact, (2) he knew at the time he made the representation that it was untrue, (3) plaintiff did not know the representation was untrue when it was made and acted upon, (4) defendant intended or reasonably expected that plaintiff would act upon the representation, (5) plaintiff's detrimental reliance was reasonable and in good faith, and (6) plaintiff would be prejudiced by his reliance on the representation if defendant is permitted to deny the truth thereof. *Vaughn v. Speaker*, 126 Ill. 2d 150, 162 (1988); *Falcon Funding, LLC v. City of Elgin*, 399 Ill. App. 3d 142, 157-58 (2010). The Illinois Supreme Court has held that to satisfy the elements of intent and reasonable expectation "the conduct and representations must be such as would ordinarily lead to the results complained of." *Vaughn*, 126 Ill. 2d at 162. Plaintiff need not prove his claim of equitable estoppel by clear and convincing evidence to survive summary judgment, but he must present some factual basis that would support his claim. *Falcon Funding, LLC*, 399 Ill. App. 3d at 157-58.

¶ 34    "Where there is no dispute as to the material facts and only one inference can be drawn therefrom, it is a question of law whether the facts proved constitute an estoppel." *Pantle v. Industrial Commission*, 61 Ill. 2d 365, 369 (1975). "A party claiming the benefit of an estoppel cannot shout his eyes to the obvious facts, or neglect to seek information that is easily accessible, and then charge his ignorance to others." *Vaughn*, 126 Ill. 2d at 169 (quoting *Vail v. Northwestern Mutual Life Insurance Co.*, 192 Ill. 2d 567, 570 (1901)). To benefit from equitable estoppel, the

plaintiff must have "had no knowledge or means of knowing the true facts." *Vaughn*, 126 Ill. 2d at 169.

¶ 35    The parties agree that the statute of limitations applicable in this case expired on July 20, 2015, which was two years after the July 20, 2013 collision, and plaintiff filed this lawsuit on January 2, 2018. The issue before this court is whether defendant is equitably estopped from asserting the statute-of-limitations defense because he misrepresented or concealed the fact that he was covered by auto insurance at the time of the collision.

¶ 36    According to his affidavits, plaintiff stated that he could not check the veracity of defendant's statement and reasonably expected that a person in a motor vehicle accident would not lie to the police and thereby incur a traffic citation for failing to have insurance. Plaintiff asserted that a tortfeasor's uninsured status in the type of vehicle collision at issue here was a material fact and would ordinarily lead the accident victim to refrain from making a claim or filing a lawsuit because there would appear to be no way to collect any judgment against the tortfeasor and personal injury lawyers would not proceed on this type of lawsuit on a contingent fee basis. Plaintiff averred that information regarding defendant's insurance status was not readily accessible because it was not available in any public data base, as demonstrated by plaintiff's recent futile FOIA requests to the Illinois Secretary of State and Illinois Department of Insurance.

¶ 37    In the context of pleading and practice, a material fact is "[o]ne which is essential to the case, defense, application, etc., and without which it could not be supported. *** The 'material facts' of an issue of fact are such as are necessary to determine the issue. Material fact is one upon which the outcome of litigation depends." *Black's Law Dictionary* 977 (6th ed. 1990). See also,

*Greenpoint Mortgage Funding, Inc. v. Hirt*, 2018 IL App (1st) 170921, ¶ 17 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("A material fact is one that might affect the outcome of the suit under the applicable substantive law.").

¶ 38    Plaintiff has not met his burden to present a factual basis that would arguably entitle him to summary judgment on his claim of equitable estoppel. First, the status of defendant's insurance coverage was not a material fact that prevented plaintiff from timely filing his personal injury claim because the record established that at the time of the vehicle collision or shortly thereafter plaintiff knew the name and address of the tortfeasor, the events on the date of the collision, and the nature of the injuries plaintiff sustained. Furthermore, although plaintiff might have incurred some inconvenience by timely consulting an attorney regarding the practicality of pursuing this action against an allegedly uninsured tortfeasor, plaintiff ultimately incurred that inconvenience anyway because he was represented by counsel when his untimely complaint was filed.

¶ 39    Second, the undisputed facts do not show why it was reasonable for plaintiff to place trust and confidence in defendant's misrepresentation regarding his insurance coverage or the traffic court record regarding his citation because defendant, the tortfeasor, and plaintiff, the injured victim in a traffic collision, were opposing parties in this dispute and the court record showed no conclusive disposition of the citation. Because the facts do not show why it was reasonable for plaintiff to wait over four years before he filed this lawsuit even though he knew all the material facts necessary to file his complaint, we cannot hold defendant equitably estopped from asserting a statute-of-limitations defense. Furthermore, plaintiff had the ability to learn defendant's insurance status through the discovery process once plaintiff timely filed his lawsuit. See *Vaughn*,

126 Ill. 2d at 169 (a party claiming the benefit of an estoppel must seek easily accessible information).

¶ 40    We find support for our analysis of the reasonableness element of equitable estoppel in *McIntosh v. Cueto*, 323 Ill. App. 3d 384 (2001), where the plaintiffs, a mother and her child, alleged legal malpractice against the defendant, their former counsel, for allowing the statute of limitations to expire without filing their medical malpractice claim involving the child's birth. The court held that the plaintiffs could not raise equitable estoppel or fraudulent concealment as a bar to the application of the statute of limitations to their legal malpractice claim because the facts did not show why it was reasonable for the plaintiffs to place their trust and confidence in their unanswered calls and letters to the defendant or wait 11 years after hiring him to discover that he had not filed a lawsuit on their behalf even though they had the ability to check the court records to learn whether any case had been filed. *Id.* at 390-91.

¶ 41    Similarly, in *Buczak v. Central Savings & Loan Association*, 230 Ill. App. 3d 490, 502 (1992), the court ruled that the plaintiff's failure to name the contract purchaser as a defendant until 5 months after the statute of limitations had expired and 18 months after learning of his existence justified dismissal on statute-of-limitations grounds. Specifically, the plaintiff was injured on April 9, 1985, when he was visiting a tenant at a building and leaned on a porch banister that collapsed. The plaintiff filed his lawsuit in April 1985 against three named defendants as owners of the property. On March 4, 1986, one of the three named defendants filed a third-party complaint against Longenecker as an unnamed fourth property owner. On September 11, 1987, the plaintiff amended his complaint to add Longenecker as a defendant. Longenecker subsequently

filed a motion to dismiss the amended complaint as time barred by the applicable two-year statute of limitations, and the plaintiff argued that equitable estoppel barred Longenecker from asserting the statute-of-limitations defense. The court held that equitable estoppel did not apply because "as a matter of law" it was "patently unreasonable" for the plaintiff to wait 18 months after learning of Longenecker's existence to name him as a defendant. *Id.*

¶ 42   Here, the facts do not show why it was reasonable for plaintiff to place his trust and confidence in an inconclusive court record regarding defendant's traffic citation and his alleged statement at the time of the accident that he did not have auto insurance and wait over four years before filing his lawsuit against defendant. As a matter of law, it was patently unreasonable for plaintiff to wait until after the statute of limitations expired before he filed his complaint in January 2018 even though he knew all the necessary material facts to file that action since the July 2013 collision. We conclude that plaintiff failed to show that defendant was equitably estopped from asserting the statute-of-limitations defense because defendant's insured status was not a material fact and plaintiff's reliance on defendant's misrepresentation regarding his auto insurance coverage to wait until after the expiration of the statute of limitations before filing this lawsuit was not reasonable.

¶ 43                    B. Forfeiture of Statute-of-Limitations Defense

¶ 44   Next, plaintiff asserts that the circuit court erred by *sua sponte* allowing defendant to amend his answer to the complaint to plead the affirmative defense of the statute of limitations. Plaintiff asserts that, by failing to plead the defense at the earliest possible time or within his original late answer to the complaint, defendant forfeited the defense. We disagree.

¶ 45    According to the record, when defendant moved to dismiss the complaint under section 2-619 of the Code based on plaintiff's failure to comply with the two-year statute of limitations, plaintiff moved to strike and dismiss defendant's motion and argued that he had forfeited his affirmative defense by not pleading it at the earliest possible time. The circuit court did not rule on either motion and instead *sua sponte* permitted defendant to amend his answer and plead his affirmative defense.

¶ 46    "A pleading may be amended at [any time] before final judgment, on just and reasonable terms." 735 ILCS 5/2-616(a) (West 2018). A trial court has broad discretion regarding motions to amend pleadings prior to entry of final judgment and will not be reversed unless there has been a manifest abuse of discretion. *Miller v. Pinnacle Door Co.*, 301 Ill. App. 3d 257, 261 (1998); see also *Palacios v. Mlot*, 2013 IL App (1st) 121416, ¶ 18 (an abuse of discretion occurs when a ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view).

¶ 47    "The failure to plead an affirmative defense, such as a statute of limitations, does not constitute [forfeiture]." *Behr v. Club Med, Inc.*, 190 Ill. App. 3d 396, 407 (1989). "Rather, a trial court may, in its sound discretion, allow a defendant to file an amended answer raising affirmative matter [any time] prior to the entry of a final judgment." *Id*. In *People ex rel. Foreman v. Village of Round Lake Park*, 171 Ill. App. 3d 443, 447-49 (1988), the court "upheld the right to amend an answer to plead a statute of limitations defense even though the defense had been available from the date the action was filed, almost four and a half years before amendment was sought. The court did so on the grounds that, as in this case, trial had not begun, the defense did not require further investigation by either party, and, if upheld, it would eliminate the necessity and expense of a

trial." *Behr*, 190 Ill. App. 3d at 407. We conclude that the circuit court here did not abuse its discretion.

¶ 48                                    III. CONCLUSION

¶ 49    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 50    Affirmed.